# Chastang *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Weapons found on search of person arrested.*—Under an indictment for carrying a pistol concealed about the person (Code, § 4109), it being shown that the defendant, when two police officers approached to arrest him on another charge, made demonstrations of resistance, moving his hand towards his hip pocket, whereupon one of the officers drew and held a pistol leveled on him, while the other seized and searched him, and found a pistol in his pocket; *held,* that the evidence was not improperly received, and was sufficient to support a conviction.

| | |
|---|---|
| 83 | 29 |
| 94 | 81 |
| 94 | 94 |
| 83 | 29 |
| 99 | 184 |
| 83 | 29 |
| 104 | 37 |
| 83 | 29 |
| 131 | 16 |

From the City Court of Mobile.

Tried before the Hon. O. J. Semmes.

Indictment against Charles Chastang, for carrying a pistol concealed about the person; plea, not guilty. On the trial, the defendant reserved an exception to the admission of certain evidence against his objection, which is stated in the opinion of the court; and he also excepted to the charge of the court, instructing the jury that, if they believed the evidence, they must find him guilty.

Harry Smith, for the appellant, cited *Boyd v. United States,* 116 U. S. 616.

T. N. McClellan, Attorney-General, *contra,* cited 1 Bish. Cr. Pr. 246; 1 Greenl. Ev., § 232; Whart. Cr. Ev. 678; *State v. Flynn,* 34 N. H. 422; s. c., 36 N. H. 69; *Spicer v. State,* 69 Ala. 163; *Sampson v. State,* 54 Ala. 241.

STONE, C. J.—An officer, having a warrant for the arrest of defendant, attempted to execute it, when the latter made demonstrations of resistance, by moving his hand in the direction of the pocket, or place on his person, where pistols are frequently carried. Thereupon another officer,

[Chastang v. The State.]

aiding the first, pointed a pistol at defendant, and commanded him to hold up his hands, which he did. ˙ The defendant was then arrested; and, proceeding to disarm him, a pistol was found concealed in his hip pocket. This is the substance of all the criminating evidence.

It was objected in the court below, and the objection is renewed here, that the search of the defendant's person was a trespass, unauthorized by law, and that the testimony thus obtained was illegally admitted, against the objection of the defendant. If it were necessary, it might present a grave question, whether an officer, authorized to arrest for a criminal, or supposed criminal offense, may not and should not disarm the accused of all weapons, or other implements, which could be made useful in effecting an escape. But we will place the decision of this case on broader grounds.

We have read the able opinion of Justice Bradley in the case of *Boyd v. United States,* 116 U. S. 616, and confess ourselves interested and instructed thereby. We indorse and approve everything said therein. The proceeding in that case was under a statute highly penal, the violation of which exposed the offender to a heavy forfeiture. The order of the court required the defendant to produce in evidence against himself a strictly private paper or document, under the penalty, if he disobeyed the order, of having the imputed contents of the alleged document treated as confessed by him. This, it was held, was compelling the accused to furnish evidence against himself.

In the present case, the defendant was required to produce nothing, to testify to nothing, and no presumption was indulged against him, as a penalty for his failure to comply with any order of court. If our statute had provided that, under an indictment for carrying a weapon concealed about the person, the defendant might, under the order of the court, be required to produce the alleged weapon, and, on failure to comply, the presumption would be indulged that he had such weapon concealed about his person, then the defendant would be required to furnish evidence against himself. Then we would have a question in all respects like the one considered in *Boyd v. United States, supra.* ˳

When, as in this case, the evidence is obtained without requiring the defendant to do any affirmative act, the testimony is admissible.

The Circuit Court did not err in admitting the evidence, nor in the charge to the jury.—*Spicer v. The State,* 69 Ala.

[Rampey v. The State.]

159; *Sampson v. State*, 54 Ala. 241; *State v. Flynn*, 36 N.
H. 64; 1 Greenl. Ev., § 231; Whar. Cr. Ev., § 678.
   Affirmed.