# Terry *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Voluntary surrender of concealed weapons, while under arrest.*—A conviction may properly be had for carrying concealed weapons (Code, § 3775), on proof that the defendant, having been arrested by an officer, without a warrant, for the offense of gaming, asked to be taken into a private room, and there voluntarily surrendered to the officer a pistol and bowie-knife, which he had concealed about his person, requesting the officer to take and keep them.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The indictment in this case charged, in the first count, that the defendant carried a pistol concealed about his person; and in the second count, that he carried a bowie-knife, or other knife or instrument of like kind or description. On the trial, a jury was waived, and the case was submitted to the decision of the court. The State introduced evidence showing that, in April, 1887, within the time covered by the indictment, one Blackwell, a deputy-sheriff, caught the defendant, with others, playing a game with dice, at Coalburg in said county, in the "old stockade prison," and arrested him without a warrant; "that the defendant, after said arrest, requested said deputy to take him into a room, and to take his pistol and knife, which said Blackwell then and there did, defendant handing him a pistol and a bowie-knife, which were concealed about his per-

[Terry v. The State.]

son." The defendant objected and excepted to the admission of this evidence, and also to the judgment of conviction which the court rendered against him.

B. M. ALLEN, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—In *Chastang v. State*, 83 Ala. 29, the defendant had been lawfully arrested under a warrant, after menacing resistance made by him, and while so in lawful custody, he was disarmed of a pistol, which he was carrying concealed about his person. There was no testimony against the defendant, other than the discovery of the pistol, in the search made by the officer. The arrest had been made for a different offense. We held the testimony admissible, and affirmed the judgment of the trial court, by which he had been convicted of carrying a pistol concealed about his person.

In the present case, the record fails to show the defendant was liable to arrest, or that he had committed an indictable offense, prior to his arrest; or, at least, that there was any evidence against him. He was arrested, it would seem, for a supposed violation of the law against gaming. We need not say what would be our ruling, if the pistol had been discovered by the officer in a search of the defendant's person, or if the defendant had surrendered the pistol in obedience to the command of the officer having him in charge. The question is not presented, and we leave it undecided.

The record before us states that "after said arrest, defendant requested said deputy to take him into a room and take his pistol and knife, which said Blackwell [the deputy] then and there did—defendant handing him a pistol and bowie-knife, which were concealed about the person of the defendant." The record fails to show that Blackwell did or said any thing to induce defendant to exhibit or discover the pistol and knife, but, on the contrary, the tendency of the statement is, that what was done was his own voluntary, unsolicited act.

We find no error in the record. Affirmed.