# Scott *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Discontinuance of prosecution.*—A criminal prosecution is not discontinued, after a *capias* has been issued and returned "not found," by the failure to have an *alias* so issued and returned, and an order then made for the indictment to be withdrawn and filed (Code, § 4357), nor by the failure of the clerk to keep the case on the docket and make entries from term to term.

2. *Weapons found concealed on person arrested.*—A conviction may be had for carrying weapons concealed on or about the person (Code, § 4109), on proof that the defendant, when arrested on account of suspicious conduct, by an officer who had a warrant of arrest for another person, had a pistol concealed in one of his pockets.

FROM the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

WM. L. MARTIN, Attorney-General, for the State, cited *Chastang v. State*, 83 Ala. 29; *Cagle v. State*, 87 Ala. 38; *Bowdon v. State*, 91 Ala. 61; 1 Bish. Cr. Pro., § 246.

[Scott v. The State.]

COLEMAN, J.—At the October term, 1885, the defendant was indicted for the offense of carrying a concealed pistol. He was arrested in Jefferson county of this State, in the month of July, 1891, and in default of bail, the sheriff of that county committed him to jail. Upon the order of the judge of the City Court of Montgomery, he was removed to the jail of the county of Montgomery, and there held until put upon his trial for the offense for which he was indicted. The defendant moved to strike the cause from the docket, upon the ground "that the cause was commenced at the October term, 1885, and a *capias* was regularly issued, and returned not found; and that nothing further was done in said cause until the 5th day of September, 1890, when an *alias capias* was issued, and said *capias* was executed by arresting the defendant," &c., and "that said cause has been discontinued." The motion was overruled, and the defendant put upon trial upon the plea of not guilty. When the evidence was introduced and closed, the court charged the jury, if they believed the evidence, to find the defendant guilty.

After a *capias* has been issued for two terms, and returned "not found," the solicitor may, by leave of the court, withdraw and file the indictment, with leave to re-instate the same when the ends of justice require such re-instatement.—Code, § 4387. This provision is not mandatory, and if deemed advisable the cause may remain on the docket. The mere failure of the clerk in the performance of his ministerial duty to issue process will not operate a discontinuance, of which the defendant can take advantage. This rule was declared as early as the case of the *State v. Drinkard*, 20 Ala. 13.

The evidence showed that an officer, "with a warrant for the arrest of another person, went out where the defendant lived, in search of the person named in the warrant, and while in search of him, the defendant, with his hands in his pocket, rubbed up against the officer several times; whereupon the officer, with the assistance of another, caught the defendant's hands, and took them out of his pockets, and that he had a pistol in the pocket, which was concealed." This evidence was not disputed. Venue having been proven, and the time when this occurred, there was no error in giving the general charge.

The principles involved are the same as those declared in the cases of *Chastang v. State*, 83 Ala. 29, and *Bowdon v. State*, 91 Ala. 61.

Affirmed.