# French *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Weapons found on search of person under lawful arrest.*—A conviction may be had for carrying concealed weapons (Code, § 3775), on proof that the defendant, having been lawfully arrested by a police officer, was carried to the guard-house, and there searched, and that a pistol was found in his coat-pocket.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The defendant in this case was indicted for carrying a pistol concealed about his person, and was convicted on evidence which is thus set out in the bill of exceptions: "The State proved that, within twelve months prior to the finding of the indictment, the defendant was found drunk at night on the streets in Troy, was arrested by two police officers, and carried to the guard-house; that when putting him in the guard-house, as his coat dropped on the floor, the officers heard a sound as of something dropping, and thereupon searched him, and found a pistol concealed in his coat-pocket, which they thereupon

[French v. The State.]

took from him. It was admitted that the arrest was authorized by law. The defendant objected to the above evidence, (1) to the searching of his person ; (2) to the concealment of the pistol on his person; (3) to the disarming of him. The grounds of said objections were, (1) because the policemen had no right or authority to search the defendant; (2) because the policemen had no authority to disarm him; (3) because the searching of the defendant's person, and finding the pistol concealed, was done by said policemen without his consent or permission, or any voluntary act on his part, and therefore the testimony relating thereto is inadmissible. The above was all the evidence in the case, and the court thereupon charged the jury, if they believed the evidence, they must find the defendant guilty ; to which charge defendant excepted."

M. N. CARLISLE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—It was admitted on the trial below that the arrest of French by the police officers of the city of Troy was a lawful arrest, the said French being in the act of violating an ordinance of the municipality, and, of consequence, that his imprisonment was legal. Under these circumstances, it was not only the right but the duty of the officers to search the prisoner for weapons which might be used by him to effect an escape, and this wholly regardless of his resistance or peaceable submission to the arrest and confinement in the first instance. The fact that one lawfully arrested makes no attempt to use weapons he has about his person, or to otherwise resist the officers of the law, is no reason whatever for allowing him to retain such weapons which he may afterwards, and under more favorable conditions, it may be, resort to, to make good his escape.—*Ex parte Hurn*, 92 Ala. 102.

The right to arrest and confine French being thus admitted, and the additional right arising from such arrest and confinement to search him and take away any arms found upon his person being, in our opinion, unquestionable, this case, in respect of the matter reserved for our consideration, is upon all fours in principle with that of *Chastang v. State*, 83 Ala. 29, where it is held that the fact disclosed by such a search that the person arrested had a pistol concealed about his person may be given in evidence against him on a subsequent prosecution for carrying concealed weapons. Adhering to the principle declared in that case, and applying it to the case

[Henderson v. The State.]

at bar, we hold that the Criminal Court did not err in admitting the testimony excepted to, or in giving the general affirmative charge for the State.

The question whether, had the arrest, confinement and search of the defendant been unauthorized and illegal, testimony of the facts disclosed thereby would have been admissible against him on this trial, is not presented by this record; and its decision therefore, as in the case of *Terry v. State*, 90 Ala. 635, is pretermitted.

Affirmed.