# Sewell *v.* The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Weapons found on search of person under arrest.*—Whether a conviction may be had for carrying concealed weapons (Code, § 3775), on evidence showing that a pistol was found concealed on the defendant's person by a person who assisted in searching him while in custody under an illegal arrest, is not decided, because it does not appear that the arrest was in fact illegal, and a part of the evidence objected to was legal.

FROM the County Court of Geneva.
Tried before the Hon. JERE MERRITT.

JOHN A. RAGLAND, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—State's witness, Joe Davis, testified that he saw defendant with a pistol concealed about his person; "that he discovered it while he was assisting the constable in making an arrest on the defendant's person;" that defendant gave one of his pistols to the constable, on demand made by constable; that the constable had no warrant for the arrest of defendant, but arrested him for a violation of section 3757 of the Criminal Code of 1886, and found a pistol in his pocket.    We have copied substantially the language of the witness, as disclosed by the bill of exceptions.    The defendant moved to exclude all the above testimony, on the

ground that the pistol was discovered by said witness while making or assisting in making an unlawful arrest, and excepted to the overruling of the motion. The fact that the concealed pistol was discovered by the witness whilst he was assisting the constable in making an unlawful arrest of the defendant, did not necessarily render the testimony of the witness inadmissible. We presume the objection is based upon the proposition, that the discovery of the guilt was brought about by the unlawful exercise of official authority and power on the part of the constable, and that it would be against public policy, if not an invasion of a constitutional immunity of the citizen, to suffer information so obtained to be used against the defendant. This case does not call for any decision on that subject; and we declare no rule touching the admissibility of information so obtained. We refer to *Chastany v. State*, 83 Ala. 29 ; *Terry v. State*, 90 Ala. 635 ; *Scott v. State*, 94 Ala. 80, and *French v. State*, 94 Ala. 93. In the first place, it does not appear that the arrest was unlawful. An officer may arrest a person, without warrant, for any public offense committed in his presence.—Code, § 4262. For aught that appears, this arrest was of that character. In the second place, it may well be inferred from this witness' testimony, that the discovery of the concealed pistol by the witness had no relation to any act done by the constable in or about making the arrest. The fact, as shown by at least a distinct part of the testimony objected to, was simply that the discovery occurred while the witness was assisting in making the arrest. The motion to exclude went to the whole testimony. If any part of it was admissible, the motion was properly overruled. Such was the case here.

There was, also, a general motion to exclude all the testimony of the witnesses, Ed and Jesse White, and the bill of exceptions shows that the testimony of Ed White is not set out. We can not, therefore, pass upon its admissibility. The motion was general, including that as well as the testimony of Jesse White.

There is no error in the record, and the judgment is affirmed.