EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
MANUEL OSORIO, acusado y apelante.

No. 2428.—*Visto:* Abril 17, 1925.  *Resuelto:* Abril 30, 1925.

1. EVIDENCIA—PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL—COMPE-
   TENCIA—EVIDENCIA ILEGALMENTE OCUPADA.—Un revólver, aún cuando fuere
   ilegalmente ocupado, es admisible en evidencia contra el acusado.

SENTENCIA de *Pablo Berga, J.* (Humacao), condenando al acusado
por delito de portar armas prohibidas.  *Confirmada.*

*Francisco González* y *Borinquen Marrero Ríos,* abogado del apelante;
*José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En el presente caso la prueba tiende a acreditar que un
policía vió un objeto en el bolsillo del acusado y creyendo
que era un revólver lo ocupó.  Dicho revólver fué presen-
tado como prueba contra el acusado.  Alega éste como error,
que la incautación fué ilegal y que la prueba no podía ser
ofrecida en su contra.

Resolvimos en el caso de *El Pueblo* v. *Cerecedo,* 21 D.
P.R. 56, que el hecho de ofrecerse como prueba aun una
propiedad que ha sido ilegalmente ocupada, no es obligar a
una persona a declarar en su contra.  En ese caso la pro-
piedad que se alegó fué ocupada ilegalmente eran billetes
de lotería.  Un caso, sin embargo, casi idéntico fué el de
*Chastang* v. *State,* (83 Ala. 29) 3 Southern 304, en el cual
la corte de Alabama también decidió que un revólver era ad-
misible aun cuando fuera ocupado al hacerse una busca ile-
gal, distinguiendo el de *Boyd* v. *United States,* 116 U. S.
616 (6 S. Ct. 524, 29 L. Ed. 746).  En igual sentido se pro-
nuncia el caso de *State* v. *Turner,* (82 Kan. 787, 109 Pac.
654) 136 A. S. R. 129, y nota elaborada en las páginas 135
y siguientes.  El caso de *Weeks* v. *United States,* 232 U.
S. 383 (34 S. Ct. 341, 58 L. Ed. 652), y 24 R. C. L., p. 718,
citados por el apelante, si bien sostienen la proposición de
que una persona debe estar protegida contra decomisos ile-
gales, no afectan al hecho de ofrecerse como prueba pro-

piedad que ha sido ilegalmente ocupada. La razón de la distinción, como se ve de las autoridades, es que la prueba en manera alguna es prueba del acusado.

*Debe confirmarse la sentencia apelada.*