**Christopher Cornealous MARTIN,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18717.**

United States Court of Appeals
Fifth Circuit.

March 20, 1962.

Joseph T. Booth, III, Montgomery, Ala., for appellant.

Hartwell Davis, U. S. Atty., Ira De-Ment, Asst. U. S. Atty., Fred S. Weaver, Asst. U. S. Atty., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

It would be neither enlightening nor illustrative to recite here the details of the evidence upon which appellant was convicted of knowingly carrying raw materials to an illegal distillery in violation of Title 26 U.S.C. § 5681.

The essence of appellant's attack, stated in a number of different ways and using varying emphasis, is, simply, that the testimony of Government witnesses was unworthy of belief as to what they said they saw.

With this in mind we have carefully examined the record and we conclude that it was not error for the trial judge to give this testimony credence in denying a motion to suppress the evidence obtained incident to appellant's arrest, nor was it error to allow the jury to weigh all the evidence and to judge the credibility of the witnesses on the ultimate issue of guilt or innocence.

The evidence sought to be suppressed was obtained by search of the scene of action conducted incident to appellant's arrest. Appropriately, full development of the facts was undertaken by the District Court in the absence of the

jury, and this inquiry necessarily carried with it the question of probable cause to support the arrest without a warrant. If the arrest were legal, the search incident thereto was also legal, and the evidence obtained admissible for the consideration of the jury. As stated in Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925):

> "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not to be doubted."

Here two agents testified that they observed from their vantage point some one hundred eight yards from appellant's home numerous events occurring in the yard of appellant's home culminating in the handling and transporting of sugar sacks to a distillery, and identified through binoculars as "Supreme Sugar— 60 lbs. slip", "brown and blue lettering * * *" and including activities of appellant himself in concert with others. Appellant challenges here the claim of the agents that they actually saw the events around the house about which they testified; that, in effect, human eyesight could not be so accurate as to make their testimony believable.

This may well have been grist for argument for the jury with or without other evidence tending to substantiate or detract, but we cannot see, as a matter of law, that the District Court erred in denying the motion to suppress or erred in denying the motion of judgment of acquittal. It was not error to allow the jury to determine whether or not these witnesses, one with binoculars, actually could see and did see from one hundred eight yards late in the afternoon and early evening the events about which they testified. We must review the sufficiency of the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

The jury was instructed on the proper standards to determine the credibility of the witnesses, reconciling the testimony of witnesses, the weight and sufficiency of the evidence. The charge was full and fair in all particulars. It included appellant's own request on circumstantial evidence, this latter charge being in the light of Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), more favorable to the appellant than the law requires.

Finding no error in the District Court ruling on the motion to suppress and finding that evidence was sufficient to support the verdict rendered, the judgment of the District Court is, therefore,

Affirmed.