205 So.2d 521

**Darrol Lloyd LOPER**

v.

**STATE.**

I Div. 192.

Court of Appeals of Alabama.

Dec. 19, 1967.

Wm. Grayson, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was convicted by the Circuit Court of Mobile County, Alabama, for carrying a concealed weapon and sentenced to seventy days imprisonment in the Mobile County jail because of default of a $200 fine, plus an additional six months imprisonment. From said judgment and sentence, this appeal is made.

After his motion for continuance was denied, appellant testified in his own behalf in connection with his motion to suppress the evidence obtained, to-wit, a pistol. Appellant stated that he and two other men were going fishing and stopped at Bayley's Restaurant to "get some beer"; that one James Gibson, a restaurant employee, asked the three men to come inside "to help him [Gibson] move some stuff around in the building"; that Gibson "wanted us to move the safe in the building from one room to another room, behind the counter"; that as they were moving the safe, plain clothes policemen "come from everywhere". Appellant testified that at the time he had a .32 caliber automatic (pistol) in his "right front pocket"; that the officers did not state that they were law enforcement officers, but just "pointed" guns at the men and that no badge was in sight on them (the officers). Appellant stated that he and the others were told to lie down on the floor and they were handcuffed; that Mr. Driggers told "them" to get a pistol from appellant's pocket; that no search warrant was shown to appellant; that he did not give permission for his person to be searched, but only his pocket where the pistol was concealed was searched.

On cross-examination, appellant stated that the time of the incident was 12:30 A.M. on the night of July 11, 1966; that no other employees of the restaurant or customers were in the restaurant; and that he (appellant) did not have a permit for the pistol he was carrying.

At this point in the trial, the court denied appellant's motion to exclude the pistol taken from appellant as evidence.

Mr. Lewis Driggers testified for the State that he is a sheriff's detective for Mobile County, Alabama, and on the night in question he and three other deputies, not in uniform, "secreted" themselves inside Bayley's Restaurant "about 9 o'clock" and remained there after the restaurant closed "about 11:40". The witness testified as follows:

"Q. What happened after 11:40, Mr. Driggers?

"A. Well, after all of the employees left, I took three of the men that were with me, and we went into the front dining area where we could watch the interior of the building.

"Q. And what happened then?

"A. Well, four subjects came in the building about 12:20 to 12:30 A.M. of the 11th. This was some hours after they closed.

"Q. Alright, what did you see, or what occurred at that time?

"A. Well, three subjects went directly behind the counter,—they removed two rugs from the floor and threw them in front of the office door, and a stool, and three of them rolled a safe from its position behind the counter and out and towards us."

The witness further stated that he knew appellant and that appellant knew that he (the witness) was a Deputy Sheriff. Driggers stated that there were four men involved, but one man escaped.

On cross-examination, Driggers said that he did not know the name of the man who escaped and did not see him; that he "heard that it was possibly Gibson and I asked Gibson and Gibson denied" it; that a man named Gibson works at Bayley's Restaurant, but was presently "in the hospital" because of an automobile wreck.

Deputy John Ard testified substantially as Deputy Driggers, except to add that he (Ard) had searched appellant and removed the pistol in question from his pocket, said pistol having "two bullets in the clip."

During the course of the trial, the court issued an instanter subpoena for the above named James Gibson. After the State had rested, and before proceeding further, the court checked to see what had happened to said subpoena, then stated that the court did not "think it is necessary to wait on that witness. I don't think his testimony would be material to this case anyway."

Appellant contends that it was error for the court to deny his motion to suppress the pistol as evidence, as it was obtained through an illegal search and seizure. It is the State's position, however, that the search of appellant was incidental to a lawful arrest, as the officers had reasonable cause to believe that appellant was participating in the commission of a crime.

The case of Duncan v. State, 278 Ala. 145, 176 So.2d 840, states in part as follows:

"When police officers want to search a person's home they must have either a search warrant or a knowing, voluntary permission, *unless the search is incidental to a lawful arrest* or there are other circumstances, not present in this case, which justify a departure from the rule. Waldron v. United States, 95 U.S.App. D.C. 66, 219 F.2d 37. See United States of America v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59." (Emphasis ours.)

In the case of Wilson v. State, 43 Ala. App. 596, 197 So.2d 283, this court stated the following:

"The law is well settled that to be admissible at trial, evidence seized without a search warrant must be the product of a search incident to a lawful arrest. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Benefield v. State, Fla., 160 So.2d 706; Mixon v. State, Fla., 1951, 54 So. 2d 190."

It was held in Martin v. United States, (C.C.A., 5th Cir.), 301 F.2d 81 (1962), as follows:

"The evidence sought to be suppressed was obtained by search of the scene of action conducted incident to appellant's arrest. * * * If the arrest were legal, the search incident thereto was also legal, and the evidence obtained admissible."

For these reasons we think appellant's objection to the introduction of the pistol found on his person as evidence has no merit and the motion to suppress such was properly denied.

All other objections raised by appellant have been carefully considered by this court and are without merit.

The judgment in this cause is due to be and the same is hereby

Affirmed.