302 So.2d 243

**George W. DIAMOND**

v.

**STATE.**

**I Div. 459.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

As Corrected on Denial of Rehearing Oct. 1, 1974.

William J. Baxley, Atty. Gen. and William A. Golinsky, Asst. Atty. Gen., for the State, appellee.

Ian F. Gaston, Mobile, for appellant.

**558**

HARALSON, Supernumerary Circuit Judge.

Appellant was convicted in the circuit court for unlawful possession of heroin and sentenced to four years imprisonment.

It appears that the testimony presented by the state, in substance, was that Mobile police officer Wyman O. Higgins received a message from the police dispatcher that narcotic drugs were being used in a rest room of the Caroline Club, which was located in the area being patrolled by Higgins and another policeman. Upon receipt of the message they proceeded to the Caroline Club, where they found the rest room and tried to enter. The door was closed and blocked by someone holding it on the other side, and the officer kicked it open. Before entering he announced that he was a policeman and ordered the occupants to open the door. Immediately upon entering, he saw appellant and another person standing next to and partly over a men's urinal, and the appellant had one hand down in the trough of the urinal. His trousers were zipped up. The officer drew his pistol and ordered them to stand against the wall where they remained for a short time. He found a medical type syringe in the trough of the urinal and a gelatine type capsule in the commode. He placed both subjects under arrest for possession of narcotics paraphernalia. Later when Officer Goodwin arrived, he searched appellant and found a yellow balloon containing one gelatin capsule, which subsequent testimony showed disclosed the presence of heroin.

There was testimony by a State Toxicologist that the syringe was an ordinary variety that could be used for injection of fluid in the body, and that the capsule found in the commode contained heroin. The appellant and his companion were later charged with possession of narcotics, the subject of this case.

The appellant did not testify nor offer any testimony in his behalf.

Appellant's main insistence for reversal is that the search was illegal because it was conducted without a search warrant and without probable cause, therefore, the introduction into evidence of the fruits of the search was error.

This question was first raised by a motion to suppress, and later by objection when the evidence was offered at the trial. Appellant was overruled in both instances.

█ We agree with appellant's basic contention regarding the admissibility of evidence obtained by search and seizure, that in order to be properly admissible the evidence must be a product of either: (1) a search pursuant to a valid search warrant or, (2) incidental to a lawful arrest. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

Admittedly the officers had no search warrant for the search of the Caroline Club, and the search, if lawful, must have been incidental to a lawful arrest.

Whether the rest room was a public place with the attendant rights of members of the public in reasonable numbers to enter and leave, or whether a right of privacy attached to those using the rest room as against outsiders is the question.

So far as we have been able to discover, (and here we are in agreement with counsel for both the appellant and State) there is no case of factual similarity in the reports of our Appellate Courts. However, it seems to us untenable, either legally or as a matter of common judgment and practice, to say that one person may have a greater right than another to occupy a rest room if there is sufficient room for the other, though he may be an intruder of sorts, to also enter and use the facilities.

■ It is true, and a matter of common knowledge, that a certain feeling of modesty, decency and conventional behavior have dictated that some sort of screen, or wall, or door be used to shield those using rest rooms from the public gaze. This temporary protection from the gaze of the public, in our opinion, does not give the occupant a property interest in the premises, with attendant protection of the Fourth Amendment, nor a personal right of privacy beyond that afforded by the above mentioned methods of construction of rest rooms used by the public. To permit one person to claim a complete right to privacy, and even go so far as to block the door to the other patrons who have an equal right of use, would go far past the constitutional safeguards for which the Fourth Amendment was intended.

The case of Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, does not mitigate against the above holding. That case can be factually distinguished from the instant case and is not an apt authority here. *Katz* dealt with an electronic listening device attached to the outside of a telephone booth. The fact that it holds that the Fourth Amendment protects people and not simply places is not in conflict with the holding in the instant case. Neither do we think the other cases, not necessary to discuss, are apt authorities in the case at bar.

■ After his entry into the rest room, we think the police officer had a right to make the arrest under Title 15, § 154, Code of Alabama 1940, Recompiled 1958. That provision provides in part: "An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; . . ."

It appears that the officers had reasonable cause to believe that a public offense was being committed in their presence. Reasonable cause has been defined by our Supreme Court as follows:

"It is defined to be a state of facts or circumstances as would lead a reasonable man of ordinary caution, acting impartially, reasonably, and without prejudice to conscientiously believe the person accused to be guilty." Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794.

In Maples v. State, 44 Ala.App. 491, 214 So.2d 700, this court quoting from Schook v. United States, 8 Cir., 337 F.2d 563, said:

" 'Reasonable grounds for suspicion. when accompanied by facts or circumstances strong enough to justify a reasonably cautious man to believe the guilt of the suspect, suffice to constitute probable cause necessary for arrest without warrant.' "

With regard to possession of items offered into evidence the court in Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520(3), stated:

"Where actual manucaption is not shown and constructive possession is relied upon, the state must show beyond a reasonable doubt, in addition to constructive possession of narcotics, that accused knew of presence of prohibited substance."

In Parks v. State, 46 Ala.App. 722, 248 So.2d 761, the court held:

"Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Thompson v. State, 32 Ala.App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra."

We think the complete circumstances beginning with the tip received from the po-

lice dispatcher, the holding of the door to the rest room by someone inside, and the circumstances occurring after the door was opened by the officer are strong enough to support the conclusion that the appellant knew of the drugs. *Authorities,* supra.

We believe that under the circumstances, uncontradicted in the evidence, the officers had the right to arrest the appellant on the occasion complained of without the necessity of a warrant, and that the fruits of the search were admissible into evidence. Loper v. State, 44 Ala.App. 204, 205 So.2d 521; Sellers v. State, 48 Ala.App. 178, 263 So.2d 156; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; and Duncan v. State, supra.

We have carefully studied the record and the excellent briefs submitted by the attorneys in this case, and there seems to be no occasion to extend this opinion, since we have responded to the matters raised in brief and have been unable to find any error of a substantial nature in the record. The case is due to be and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

CATES, P. J., and DeCARLO, J., concur.

ALMON, TYSON and HARRIS, JJ., concur in result.

ON REHEARING

PER CURIAM.

On rehearing it was brought to our attention that the following sentence found in the second paragraph of page two contained an incorrect word. The sentence reads, "There was testimony by a State Toxicologist that the syringe was an ordinary variety that could be used for injection of fluid in the body, and that the capsule found in the *commode* contained heroin", and should read, "There was testimony by a State Toxicologist that the syringe was an ordinary variety that could be used for injection of fluid in the body, and that the capsule found in the *balloon* contained heroin."

Opinion corrected. Application for rehearing overruled.

ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.