BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant appeals in forma pauperis from a judgment of conviction for possessing heroin contrary to law. A jury returned a verdict of guilty on a plea of not guilty; and assessed a fine of $1500.00. The trial court, in addition to the fine, imposed sentence of ten years and one day imprisonment in the penitentiary. This appeal is from the judgment imposing the fine and the imprisonment.
The offense of possessing heroin for which appellant was tried is a felony under the laws of Alabama. Act No. .1407, Acts 1971, p. 2378, T. 22, § 258(29)(c) as amended.
I
Appellant contends that the seizure of the package containing the heroin and the arrest of defendant was invalid and without authority of law. Assertion is made that the acts of the officers in executing a search were without probable cause. We do not agree. The officers did not have a search warrant.
It appears from the evidence, heard in camera on motion to suppress, that the officers’ action in making the arrest and seizing the package containing the heroin was based on information obtained from a reliable informer with whom the officers had no prior experience in obtaining information about narcotic violations.
It does appear that on October 9, 1975, this informer told narcotics agent, Mike Turner, that Jimmy Lavender of Eleven Hightown, Northport, expected a package of heroin at the Greyhound bus station, addressed to him. This officer testified that Lavender had a reputation for dealing in heroin and that he knew of such reputation. This informer said he had been to the *670 Lavender residence on the 9th and there learned about the shipment.
Agent Turner associated two other narcotic agents, L. N. Bradford and Earl Walden, in setting-up a surveillance of the bus station on October 10, 1975. One of them made inquiry of the bus station manager and found that the package had not arrived. The manager agreed to cooperate. Agent Walden occupied a convenient place to observe, and later learned from a young lady employee that a package addressed to Jimmy Lavender, Eleven Hightown, North-port, had arrived. Defendant soon thereafter called for the package, received it, and left from the inside delivering point. Officer Walden, observing her departure with the package, used his “walkie-talkie” to notify Agents Turner and Bradford, stationed on the outside, about the delivery and departure. Walden followed behind her. All three closed in as defendant got in a waiting automobile. They arrested defendant and seized the package. A female driver was also arrested and later released. Both were taken to the police station. The package was there opened and the contents later turned over to a state toxicologist who testified that it was heroin and cocaine. It also appears from the evidence that Jimmy Lavender and defendant had a reputation for living at the same address, namely, Number Eleven Hightown in Northport. This reputation was known to the officers.
While it is true that the officers had no prior experience with the informer that tended to sustain his reliability and credibility in supplying the information, we think such prior experience was not essential to justify the arrest and search. There were other circumstances here prevailing that tended to support the informer’s reliability. The package, addressed to Lavender, arrived on the Greyhound bus just like the informer said it would. He had been to Lavender’s residence and obtained the information of such arrival. The officers had independent knowledge of the reputation of defendant and Lavender for living at the same place. She showed up at the bus station and received delivery of the package. Lavender had the reputation of being a narcotics dealer. This was known to the officers. All these factors tended to establish probable cause that the package contained narcotics and that the defendant was committing a felony. Thus, the officers had a right to make the arrest without a warrant pursuant to T. 15, § 154, Code 1940, compiled in 1958. We quote:
“An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; or when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony.”
The seizure and search was a lawful incident of the arrest. Hart v. State, Ala.Cr. App., 337 So.2d 111; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 and Tadlock v. State, 45 Ala.App. 246, 228 So.2d 859.
We note that the establishment of an informer’s reliability must have a beginning point. Here, the circumstances prior to the arrest of defendant and the search tended to support such reliability.
We cannot agree that the arrest of defendant and the search and seizure were without authority of law: Clenney v. State, 281 Ala. 9, 198 So.2d 293 (pp. 4, 5).
II
A second contention of error is that the trial court erred in overruling defendant’s timely objections and in permitting *671 the state toxicologist (who was qualified) to testify as to the mental and physical dependence of one who has become a heroin addict. We note that the witness also testified without objection that physicians no longer prescribe heroin in the treatment of disease.
Be that as it may, we think the evidence of the witness tended to establish the gravity of the offense, namely, the possession of heroin, with which defendant was charged. It was relevant to show that the offense was more serious than the possession of a non-addictive prohibited drug. The court and the jury, if for no other reason, were entitled to know the effect of heroin and its addiction on the human mind and body to the end that they might consider these factors in the fixation of proper and adequate punishment for the possession of such a destructive drug. We see no error in the admission of the evidence.
Ill
Appellant contends that the following colloquy between the District Attorney, Mr. Harris, and the Court was prejudicial to her. We quote:
“THE COURT: Gentlemen, let’s get into something else please. I don’t think the witness has a right to ask the District Attorney questions so I will overrule. Gentlemen, I am getting a little concerned about the time factor. Let’s move on.
“MR. HARRIS: I appreciate that Judge. But, of course, I feel like I have to represent the State.
“THE COURT: I know you do. I am not questioning that. You are doing a good job.
“MR. CALLAHAN: We object to that statement and move to exclude it.”
We cannot agree that the colloquy was prejudicial to defendant. The trial court was merely trying to direct progress in the trial of the case, as he had a right to do, and merely complimented the District Attorney in his efforts to present the State’s case. These efforts of the District Attorney were quite obvious to the jury. The comments of the Court on' such presentation were just words of encouragement to the District Attorney and an apology to him. We fail to see that the Court’s remarks could have had any adverse effect on the guilt or innocence of the defendant which was an issue before the jury. Neither were the remarks a comment on the evidence. We do not consider the remarks to have been of serious import and grounds to reverse.
We find no error in the record. There was sufficient evidence to sustain the jury’s verdict of guilt. We affirm.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.