In a three count indictment the defendant was indicted for the unlawful possession of phenmetrazine, phencyclidine, and cocaine contrary to the provisions of the Alabama Controlled Substances Act. Section 20-2-70, Alabama Code 1975. A jury found the defendant guilty of possession of phenmetrazine and phencyclidine. Sentence was five years' imprisonment. Four issues are presented on appeal.
 I
The defendant argues that his motion to suppress should have been granted because the affidavit supporting the search warrant was defective because (1) it failed to aver any underlying circumstances establishing the informer's[1]
credibility; (2) it omitted any reference to time; and (3) it contained the hearsay conclusions of an unsworn informer.
The affidavit was made by Alabama State Narcotic Agent Harry Kearley before a District Court Judge of Mobile County. *Page 1108 
The material portions of the affidavit are as follows:
 "4. The FACTS establishing probable cause for search are:
 "On 4/10/80, Alabama State Narcotic Harry Kearley was notified by Drug Enforcement Administration Special Agent Paul Wallace in San Francisco, California stating that a package addressed to Tony Mouldin, 2436 Denmark Street, Mobile Alabama had been presented for shipment to National Airlines, Cargo Supervisor Kenneth Arge, by an unknown black male who stated it was electrical parts and declared the value to be $300. The unknown black male paid $23.31 to ship the package to Mobile, Alabama. Mr. Arge became suspicious because of the light weight of the package and pursuant to FAA regulations opened the package. The contents of the package were determined to be as follows:
"Packing consisting of crumpled newspaper
 "1 envelope addressed to Mrs. Hester Smith, containing an Easter card
 "37 plastic bindles (packages) of white powder contained in a plastic baggie and wrapped with brown paper and a rubberband
"A note addressed to `Tony' was also in the package
 "Mr. Arge contacted Special Agent Paul Wallace of the Drug Enforcement Administration who arrived and took custody of the package at approximately 1:00 a.m. on 4/10/80. Special Agent Wallace field tested the white powder for cocaine with positive results. Special Agent Wallace marked four of the small plastic bindles `KPW' and the date, replaced them in the package and resealed it. At approximately 9:30 a.m., Central Standard Time, Special Agent Wallace contacted ASN Agent Kearley in Mobile, Alabama and advised him that the package was placed on National Flight 32 to arrive in Mobile, Alabama at 3:52 p.m. on 4/10/80. Based on the above information, I request a Search Warrant for the above mentioned package and its contents."
 A.
In this affidavit there are two "informers": Cargo Supervisor Arge and Special Agent Wallace.
The same showing required of an informer under Aquilar v.Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), is not needed to establish veracity when the information comes from an average citizen who is in a position to supply information by virtue of having been a crime victim or witness.Richardson v. State, 376 So.2d 205 (Ala.Cr.App.) affirmed, Exparte Richardson, 376 So.2d 228 (Ala. 1978); W. LaFave, 1Search and Seizure, Section 3.4 (1978). Additionally, we note that Arge's credibility was established when his information was verified by Special Agent Wallace. "Another law enforcement officer is a reliable source and . . . consequently no special showing of reliability need be made as a part of the probable cause determination." 1 LaFave, Section 3.5 at p. 621. See alsoRichardson.
The affidavit does reveal each informer's basis of knowledge and the defendant's argument on this point is without merit.
 B.
We also find no merit to the defendant's argument that the vagueness of the time element in the affidavit renders the search warrant void.
"Probable cause to search, . . . ordinarily may be said to exist only if it is established that certain identifiable objects are probably connected with certain criminal activity and are probably to be found at the present time in a certain identifiable place." 1 LaFave, Section 3.7 at p. 680. In this case, although the affidavit did not state when Cargo Supervisor Arge received and opened the package, we have no problem with stale information.
 "`"The ultimate criterion in determining the degree of evaporation of probable cause, however, is not case law but reason. The likelihood that the evidence sought is still in place is a function not *Page 1109 
simply of watch and calendar but of variables that do not punch a clock: the character of the crime (chance encounter in the night or regenerating conspiracy?), of the criminal (nomadic or entrenched?), of the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), of the place to be searched (mere criminal forum of convenience or secure operational base?), etc. The observation of a half-smoked marijuana cigarette in an ashtray at a cocktail party may well be stale the day after the cleaning lady has been in; the observation of the burial of a corpse in a cellar may well not be stale three decades later. The hare and the tortoise do not disappear at the same rate of speed." 24 Md. App. at 172, 331 A.2d at 106.'"
 Andresen v. State, 24 Md. App. 128, 331 A.2d 78
(1975), affirmed, Andresen v. Maryland, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).
Special Agent Wallace determined through his own personal observation on April 10, 1980, that the package did contain cocaine. The affidavit was executed and the search warrant obtained on this same day. From the facts contained in the affidavit, the district court judge could properly determine that the cocaine would probably be found in the package addressed to the defendant.
 C.
Hearsay will support a finding of probable cause if there is a substantial basis for crediting the hearsay. United States v.Garner, 581 F.2d 481 (5th Cir. 1978); Satterwhite v. State,364 So.2d 359 (Ala. 1978).
 II
The defendant was arrested after he had received the package at the airport but before the package had been opened. The defendant argues that therefore the officers had no reason to believe that the defendant had any knowledge of the presence of the cocaine inside the package and consequently they had no reason to arrest the defendant without a warrant. Section15-10-3, Alabama Code 1975.
The officers had probable cause to arrest the defendant for the possession of a controlled substance where the package was addressed to the defendant, where they had reason to believe that the package contained a controlled substance and where they observed the defendant take possession of the package.Walker v. State, 356 So.2d 668 (Ala.Cr.App.), reversed on other grounds, 356 So.2d 672 (Ala.), on remand, 356 So.2d 674
(Ala.Cr.App. 1977).
 "The facts, information and circumstances within the knowledge of the arresting officers need not amount to evidence which would suffice to convict; but the quantum of information which constitutes probable cause — evidence which would warrant a man of reasonable caution in the belief that a felony had been committed — must be measured by the facts of the particular case. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 411; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543." Yeager v. State, 281 Ala. 651, 653, 207 So.2d 125 (1968).
See also Diamond v. State, 53 Ala. App. 556, 302 So.2d 243, cert. denied, 293 Ala. 751, 302 So.2d 247 (1974); Miller v.State, 53 Ala. App. 213, 298 So.2d 633, cert. denied, 292 Ala. 741, 298 So.2d 639 (1974).
Since the defendant's arrest without a warrant was legal, the search incident thereto was also legal, and the controlled substances (phenmetrazine and phencyclidine) found on his person were admissible. French v. State, 94 Ala. 93, 10 So. 553
(1892); Cooper v. State, 380 So.2d 1003 (Ala.Cr.App. 1980). Evidence obtained as a result of a search conducted incident to a lawful arrest is admissible. Lackey v. State, 54 Ala. App. 693, 312 So.2d 96 (1975).
 III
When the defendant was searched incident to his arrest one plastic bag containing nine black capsules marked RJS were found on his person. It was established through the State's own witness that these RJS *Page 1110 
capsules contained "three noncontrolled substances." The noncontrolled substances were never identified.
The defendant argues that the admission of the capsules "led the jury to believe that the Appellant was carrying a large quantity of controlled substances on his person when he was arrested" and that therefore his motion for a mistrial was due to be granted.
Where the defendant is charged with the possession, sale or use of drugs, other controlled substances found at the time and the scene of the crime may be admissible to show the "complete story". Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975);Green v. State, 389 So.2d 537 (Ala.Cr.App.), cert. denied,389 So.2d 541 (Ala. 1980). Because it was established without dispute that the RJS capsules did not contain any controlled substance, their admission into evidence was not prejudicial to the defendant, A.R.A.P. Rule 45, and the defendant's motion for a mistrial was not due to be granted. Woods v. State,367 So.2d 982 (Ala. 1978).
 IV
After the defendant was arrested he was searched. On his person were found one peach colored tablet containing phenmetrazine, a tin foil packet containing 13 grams of phencyclidine, and 9 black capsules marked RJS containing three noncontrolled substances. The defendant contends that the drugs were improperly admitted into evidence because the State failed to establish a proper chain of custody. We agree.[2]
Agent Kearley testified that he "retained custody of these items and turned them into the Department of Forensic Sciences for examination."
On direct examination crime laboratory analyst Ms. Deborah Senate with the State Department of Forensic Sciences testified that she had in her possession "some samples which came from Officer Kearley on the 11th" of August 1980. However, under questioning by the trial court she stated that Danny LaComp turned the drugs over to her. Mr. LaComp was never identified and the State did not even attempt to show his relationship to and position in the chain of custody. Despite this fact, the trial judge allowed the drugs to be admitted into evidence over defense counsel's objection that "the proper chain of custody has not been shown."
A careful search of the record reveals that State's Exhibit Number 7 was never identified as constituting the drugs seized from the defendant's person. Also, Agent Kearley never identified when or to whom he delivered the drugs. Additionally, there was no evidence whatsoever that the drugs tested by Ms. Senate were the same or in substantially the same condition as the drugs seized.
"The pertinent rule is that articles or objects which relate to or tend to elucidate or explain the issues or form a part of the transaction are admissible in evidence when duly identified and shown to be in substantially the same condition as at the time of the offense." Dennison v. State, 259 Ala. 424, 427,66 So.2d 552 (1953). "To establish a sufficient predicate for admission into evidence it must be shown that there was nobreak in the chain of custody. . . . Identification and continuity of possession must be sufficiently established to afford ample assurance of the authenticity of the item." Exparte Yarber, 375 So.2d 1231, 1324 (Ala. 1979) (emphasis added). A party need not negative the remotest possibility of substitution, alteration or tampering with the evidence. Lynnv. State, 380 So.2d 366 (Ala.Cr.App. 1980); Murrell v. State,377 So.2d 1102 (Ala.Cr.App.), cert. denied, 377 So.2d 1108
(Ala. 1979); Williford v. State, 365 So.2d 1257 (Ala.Cr.App. 1978), cert. denied, 365 So.2d 1258 (Ala. 1979); Thomas v.State, 356 So.2d 210 (Ala.Cr.App.), cert. quashed,356 So.2d 214 (Ala. 1977).
 "To warrant the reception of an object in evidence against an objection that an unbroken *Page 1111 
chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain."
 Sexton v. State, 346 So.2d 1177, 1180 (Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala. 1977).
Because the prosecution did not fulfill the requirement that the integrity of the evidence be proved by an accounting of all the successive steps in the handling of the drugs from the time of their seizure until the time of trial, the drugs found on the defendant's person (phenmetrazine and phencyclidine) were improperly admitted. For this reason the judgment of the Circuit Court must be reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.
[1] Informer defined see Hadley v. State, 391 So.2d 158
(Ala.Cr.App.) cert. stricken, 391 So.2d 162 (Ala. 1980).
[2] While the proper chain of custody of the cocaine was not established either, we do not address that issue as the jury did not find the defendant guilty on the count charging possession of cocaine.