429 So.2d 654 (1982)
John Lee AGEE
v.
STATE.
6 Div. 882.
Court of Criminal Appeals of Alabama.
December 28, 1982.
On Return to Remand March 29, 1983.
*655 Victor L. Miller, Jr., Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and James F. Hampton and J. Anthony McLain, Spec. Asst. Attys. Gen., for appellee.
BARRON, Judge.
Robbery 1st degree; sentence: life imprisonment.
Mrs. Ora Lee Bass testified that around midnight on April 3, 1981, a man and woman came into the office of the Chesterfield Motel and asked for a room from Mrs. Bass, who was acting as night clerk. The man then pulled out a gun and shot Mrs. Bass in the upper chest. He demanded that she give him the money in the cash box, which totaled $94. The two intruders then fled from the motel. Mrs. Bass later identified the appellant as the robber from a photo spread.

I
Appellant claims that the State failed to meet the required burden of proof that would exclude every reasonable theory save that consistent with appellant's guilt. Appellant bases his argument on an alibi defense which was presented to the jury.
The elements of the offense, § 13A 8-41, Code of Alabama 1975, were contained in the indictment, and proof of all elements was adduced at trial. Mrs. Bass positively identified the appellant during the trial as the robber. It is a part of the fact finding function of the jury to decide the issue of identity. Carpenter v. State, 42 Ala.App. 618, 174 So.2d 366 (1965).
The function of the appellate court in the review of this issue raised by appellant is to discern whether the jury might so conclude that the evidence excluded every reasonable hypothesis except that of guilt. Dolvin v. State, 391 So.2d 133 at 136 (Ala.1980). There was no error shown in the jury's fact finding function in this case.

II
Appellant urges that the trial court erroneously sentenced him as a habitual offender in that a certified copy of the prior conviction is not a part of the record, and there was no determination by the trial court as to whether there was representation by counsel, or a valid waiver thereof at the prior trial.
While the record before us indicates that a prior conviction of appellant was called to the trial court's attention during the sentencing process, the record contains neither a certified copy of the conviction nor an adjudication of appellant's habitual offender status. In addition, the appellant's sentence of life imprisonment constitutes the maximum punishment as either a first offender or a habitual offender.
During the colloquy between the trial court and the appellant at the sentencing phase, there is an indication by the trial court that it did not "consider anything other than the fact that he is guilty of a wanton shooting and robbery of an innocent victim."
As a result, it is unclear from the record whether appellant was sentenced as a first offender or as a habitual offender.
*656 Under the mandate of Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1980), this case is due to be remanded for sentencing with directions that all of the parties be present and that a record of the proceedings be prepared and forwarded to this court.
For the reasons cited, appellant's conviction is affirmed, and the case is remanded with directions as to the sentencing phase.
CONVICTION AFFIRMED; REMANDED WITH DIRECTIONS FOR SENTENCING.
All the Judges concur.

On Return to Remand
BARRON, Judge.
On remand, the State introduced evidence that appellant had a prior felony conviction in connection with which he was represented by counsel. Appellant's objection to the introduction of the documentary evidence of the conviction and counsel representation is without merit; by virtue of a local act applicable to Jefferson County (Act No. 1037, Acts of Alabama, 1971, p. 1847, approved September 7, 1971), certified copies of trial docket sheets have the same force and effect as minutes of the court.
The trial court adjudicated appellant an habitual offender and sentenced him to life imprisonment.
The judgment of the trial court is due to be, and is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.