TAYLOR, Judge.
John Lee Agee was convicted of armed robbery of a motel clerk wherein he shot the clerk and was sentenced to life imprisonment in the penitentiary in Jefferson Circuit Court Case No. 81-01834. This court affirmed his conviction and remanded the case for proper sentencing; on return to remand, we extended the opinion and affirmed. Agee v. State, 429 So.2d 654 (Ala.Cr.App.1982), return to remand, 429 So.2d 656 (Ala.Cr.App.1983). In a second case against Agee, a guilty plea was entered and a concurrent sentence to life imprisonment assessed. This is an appeal of denial of a petition for writ of error coram nobis without a hearing.
I
Petitioner secured an affidavit from the victim of this robbery that she was not sure that the petitioner was the one who robbed her or that she did not think he was. Ever since, petitioner has been trying to present this evidence to a court. A Motion for Coram Nobis” by him was dismissed because of the pendency of the appeal of the case. Thereafter, a “Motion for Clarification” was denied. An appeal of this motion resulted in an affirmance by this court evidently upon the grounds that denial of a motion for clarification is not an appealable ruling. Petitioner at this point approached the United States District Court by way of federal habeas corpus. This proceeding was dismissed on the motion of the state upon the grounds that petitioner had failed to exhaust his state remedies. It is very difficult to believe that a robbery victim would have a chance encounter with the mother of the robber and would tell her that she had changed her mind about the identity of the person who robbed her. It is not, however, the office of this court at this time to pass upon the credibility of purported evidence. Our Supreme Court has directed that in considering postconviction remedies, the statements of fact in the petition must be assumed to be true unless they are contradicted by statements of fact by the state. Ex parte Crear, 460 So.2d 1208 (Ala.1983); Ex parte Floyd, 457 So.2d 961 (Ala.1984). The recanting of an identification by a robbery victim constitutes newly discovered evidence as to the petitioner. Coram nobis is the proper means by which such a matter may be raised. If the asserted matters are true, then the petitioner may be entitled to relief. Since the petition is meritorious on its face, the petitioner should have been afforded a hearing on the merits.
II
Coram nobis is also the proper remedy where there is an accusation that the sentencing judge coerced the petitioner into a guilty plea through threats or intimidation, as this petitioner alleges happened in Jefferson Circuit Court Case No. 0081-01835. Here again we do not pass upon the credibility or believability of the accusation but rather address ourselves to the nature of the accusation.
*726 III
The same may be said of the allegation of ineffective assistance of counsel. The allegations made are specific and detailed. What we have said regarding the credibility of the allegation also applies to the credibility of the allegations regarding ineffective assistance of counsel. Nonetheless, this is a matter which is properly raised by coram nobis. Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981).
In its memorandum brief in support of a motion to dismiss in the federal habeas corpus proceeding, the state alleged that “nowhere can the respondents find any indication that.the petitioner has ever raised a matter of new evidence concerning the improper identification of him as the perpetrator of this crime....” In circuit court, the state moved to dismiss this petition and the motion to dismiss was granted. Through all of these proceedings, it appears that Agee has never been able to present to a court the factual issue of the recanting of testimony of the only witness to the robbery and shooting. We feel that we have no choice but to remand this cause to the circuit court with directions that an evidentiary hearing be held at which defendant is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
Pursuant to directions from this court requiring an evidentiary hearing to be held on issues raised in a coram nobis petition, the Circuit Court for Jefferson County conducted an evidentiary hearing and entered an order and judgment of the court. The order found, in pertinent part, as follows:
“.... The Court is satisfied that in Case No. CC 81-01834 that the witness Ora Lee Bass did not in fact recant her testimony at the time of the trial. The Court is satisfied that the Defendant has had a fair trial tried before a fair and impartial jury....

“Further, in Case No. CC 81-01835, ... the Court is satisfied and finds as a matter of fact that the Defendant voluntarily, intelligently and knowingly withdrew his plea of not guilty and waived a trial by jury and entered a plea of guilty to the charges against him. The Court would like to note that the Defendant in his testimony has stated that he was satisfied with the services rendered by his Court-appointed attorney, the Hon. Victor Miller, in the trial of the case in Case No. CC-01834. The Court finds as a matter of fact that the said Hon. Victor Miller is a competent, good attorney and was effective in the trial of said cause and has so represented the Defendant in both cases.”
We find sufficient evidence to support the ruling of the circuit court. The appellant has failed to carry his burden of proof as provided by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Chapman v. State, 412 So.2d 1276 (Ala.Cr.App.1982). The judgment of the circuit court denying, after hearing, the petition for writ of error coram nobis, is hereby affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.