PATTERSON, Judge.
This is a consolidated appeal following two trials on a single indictment containing two counts. Appellant, Charlie Williams, Jr., was charged in this two-count indictment with possession of marijuana in violation of § 20-2-70, in Count I, and possession of cocaine in violation of § 20-2-70, in Count II. On January 23,1986, following a jury trial, appellant was found guilty of felony possession of marijuana as charged in Count I.[1] The jury could not reach a verdict on the possession of cocaine charge contained in Count II, and Judge Gordon, in the absence of Judge Phelps, who presided during the trial, declared a mistrial as to Count II. On February 3, 1986, a second jury was empanelled and appellant was again tried for possession of cocaine as charged in Count II of the original indictment. At this second trial, appellant was found guilty as charged.
On February 20, 1986, Judge Phelps sentenced appellant, pursuant to § 20-2-70(a), Code of Alabama 1975, to a term of two years in the penitentiary, suspended upon one year of court supervised probation, provided appellant pay court costs and obtain a full-time job. Apparently, only one sentence was imposed for both convictions.
The evidence at trial shows that appellant was arrested at his home following a daytime search of his residence, conducted pursuant to a search warrant. The search resulted in the discovery of one and seven-tenths grams of marijuana; five hand-rolled cigarette butts, containing one-tenth gram of marijuana; and twenty milligrams of cocaine residue extracted from certain paraphernalia. At trial, appellant denied any knowledge of how the marijuana got into his apartment, and denied ever smoking marijuana. At both the first and second trials, appellant testified that the paraphernalia from which the cocaine was extracted was the property of a friend whom he had helped place in a drug program. Appellant stated that the items were taken from his friend and placed in a box, and he took the box home for storage. Appellant denied ever using the paraphernalia for the purpose of consuming cocaine.
I
Appellant first contends that the trial court erred in failing to suppress the evidence obtained as a result of the search of *195 his apartment. Appellant alleges that the affidavit was insufficient to support a finding of probable cause because the officers did not know whether or not he was selling drugs at his residence. It is also argued that the search was defective because the affidavit is dated one day after the issuance of the search warrant.
At trial, Officer T.J. Azar testified that he received information from a confidential informant that one “Leon Frost” was selling drugs at 715 Dehlia Drive. The information known to Azar was contained in an affidavit submitted to Judge Clark Campbell, who issued the search warrant, and this information was testified to by Azar at trial. The affidavit and Azar’s testimony established the following: (1) The confidential informant was a person who had been known to Azar and had given reliable information in the past which had been proven true by investigative means; (2) the informant had given information which was against his best interests; (3) the informant had observed a quantity of cocaine being used and sold at 715 Dehlia Drive; (4) within the prior seventy-two-hour period, the informant had purchased cocaine from Leon Frost at 715 Dehlia Drive; (5) the informant had observed cocaine on pri- or occasions and was able to distinguish cocaine from similar white powder substances; and (6) Azar had investigated the records of the Alabama Power Company and discovered that appellant had established an account for electrical power at 715 Dehlia Drive. This affidavit was taken to Judge Campbell, and sworn to by Azar and his partner, R.G. Locklar. Judge Campbell then issued a daytime search warrant for the premises of “Charlie Williams and Leon Frost, 715 Dehlia Drive, Montgomery, Alabama” for “cocaine and any other controlled substances, paraphernalia, or records of drug transactions.”
The warrant was dated March 21, 1985, and the affidavit was incorrectly dated March 22, 1985. Azar testified that he typed the search warrant in the “later hours of March 21,” and the affidavit had been typed by a typist from the word processing section of the Montgomery Police Department. Azar stated that the date on the affidavit was a typographical error, and that, on March 21, 1985 both the affidavit and warrant were taken to Judge Campbell who read the affidavit and then signed the search warrant. The next morning, at approximately 6:30, the search warrant was executed at 715 Dehlia Drive, where appellant was arrested. Leon Frost was never located, and appellant testified that he knew no one by that name, nor did he share his apartment with any other person.
Appellant here contends that when the authorities realized that appellant, not Leon Frost, had established a power account at 715 Dehlia Drive, they should have investigated further prior to obtaining a search warrant, and that the issuance of the search warrant without more information pertaining to appellant resulted in the search warrant being defective. We disagree with appellant’s contention, and find that based on the totality of the circumstances, the issuing judge had sufficient probable cause to issue the search warrant based on the affidavit presented by Azar and Locklar. As was reaffirmed in Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983):
“[T]he traditional standard for review of an issuing magistrate’s probable-cause determination has been that so long as the magistrate had a ‘substantial basis for ... concludpng]’ that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more.”
The totality of the circumstances clearly establishes that Judge Campbell had a substantial basis for determining the existence of probable cause in the instant case.
We find no merit to the contention that the warrant was defective due to the affidavit being dated incorrectly. There was ample testimony at trial from which the court could have concluded that this was a typographical error, as the trial court evidently determined. The State clearly established that the affidavit was submitted and sworn to before Judge Campbell on March 21, 1985, prior to his issuing the search warrant. We find no *196 error in the court’s refusal to suppress the evidence.
II
Appellant next argues that the trial court erred in failing to charge the jury on possession of marijuana for personal use. At trial, appellant denied any knowledge of how marijuana got into his apartment, and denied having ever used marijuana. “The burden of proving that the possession was for personal use is a defensive matter and the burden of bringing himself within the misdemeanor exception” is upon the defendant at trial. Lee v. State, 350 So.2d 743, 746 (Ala.Cr.App.1977). Appellant offered no evidence at trial which would have brought him within the misdemeanor exception. He did not ask for instructions relative to the exception, nor did he object to the court’s failure to give such instructions in its oral charge. We, therefore, find no error in the court’s failure to charge the jury on the misdemeanor exception.
III
Appellant next contends that the State failed to properly establish the chain of custody of the marijuana and cocaine. Mr. Arnold Mitchell of the Department of Forensic Sciences did not testify at either trial; however, the officer who delivered the evidence to Mitchell, and the person who received the evidence from Mitchell and tested it, did testify. This factual situation is identical to the facts presented in Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985). In Jackson, we held that under identical facts, “the identification and continuity of possession were sufficiently shown to afford ample assurances of authenticity” so that the evidence was properly admitted. 516 So.2d at 726.
We find no error present in appellant’s first trial, which resulted in his conviction for felony possession of marijuana, and therefore we affirm that conviction.
IV
Appellant's final contention is that a second trial on Count II of the indictment should have been barred by double jeopardy principles. We agree that this second trial was conducted in violation of appellant’s Fifth Amendment protection prohibiting his being twice put in jeopardy for the same offense, applicable to the states by the Fourteenth Amendment, and therefore reverse and render this conviction.
The double jeopardy clause of the Fifth Amendment provides three basic protections: “It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against cumulative punishment for the same offense.” Fifteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1984-1985, 74 Geo. L.J. 499, 718-19 (1986) (footnotes omitted). In this case, appellant was subjected to a second prosecution for the same offense after having been convicted under § 20-2-70, Code of Alabama 1975, for possession of marijuana.
In Vogel v. State, 426 So.2d 863, 882 (Ala.Cr.App.1980), aff’d, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), we stated, that where “there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only one sentence is authorized.” (Emphasis added.) While the instant case does not involve the multiple sentence problem addressed in Vogel, we believe the logic and reasoning of Vogel is controlling here on the issue of successive prosecutions for the same offense. As was stated in Vogel, 426 So.2d at 882:
“Once the presence of the first controlled substance is proven, the offense is complete, and the presence of other controlled substances at the same time does not act to split the possession. By applying the principles developed in our case law to the plain language of § 20-2-70(a), we thus find that the possession is the criminal offense, and our section does not sanction basing multiple prosecutions or sentences on the mere *197 fact that several types of drugs were so possessed at one point in time. If the legislature had intended to allow such multiple prosecutions it would have certainly framed this section in language clearly manifesting such intent.” (Emphasis in original.)
In the instant case, appellant possessed both marijuana (not for personal use) and cocaine at a single point in time and place. A conviction based on possession of either marijuana (felony possession) or cocaine, or both, would complete the offense of possession of controlled substances, which is prohibited by § 20-2-70(a). Here, the jury found appellant guilty of felony possession of marijuana, thereby completing the offense for purposes of § 20-2-70(a). A second prosecution for possession of cocaine, which arose at the same point in time and place as the felony possession of marijuana, was, in effect, a second prosecution for the same offense (possession of controlled substances) after conviction, and was viola-tive of the Fifth Amendment protection against double jeopardy. We therefore reverse and render the conviction for possession of cocaine.
The trial court imposed a single sentence following appellant’s second trial. We cannot here determine how the second conviction affected the trial court’s imposition of sentence, and therefore we remand this cause to the trial court for resentencing. After resentencing, the trial court is instructed to make due return to this court.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REMANDED FOR RESENTENCING.
All Judges concur.

. There was apparently some confusion at the time the verdict was received by the court, due to a conversation between the trial court and the jury foreman. Judge Phelps presided at appellant's trial and instructed the jury prior to its deliberations; however, on the day the verdict was received, Judge Phelps was absent (but available if necessary), and Judge Gordon presided in Judge Phelps’s absence for the single purpose of receiving the verdict. In receiving the verdict. Judge Gordon asked:
"THE COURT: Is that felony possession of marijuana?
"THE FOREMAN: I understood it was a misdemeanor.
"THE COURT: That’s right. I’m sorry." Neither the State nor appellant objected. Judge Gordon then adjudged appellant guilty of misdemeanor possession of marijuana.
We find nothing in Judge Phelps’s oral charge which would justify the foreman’s belief that this was a misdemeanor possession case. Appellant was charged, indicted, and tried for felony possession; Judge Phelps instructed the jury on felony possession; and he subsequently sentenced appellant for felony possession of marijuana. The jury verdict read "WE, THE JURY, FIND THE DEFENDANT GUILTY AS CHARGED IN COUNT I OF THE INDICTMENT (POSSESSION OF MARIJUANA).’’ The indictment charged appellant with felony possession of marijuana. Judge Phelps’s order denying appellant’s motion for new trial clearly states that he imposed sentence based on the jury finding appellant guilty of felony possession of marijuana, as charged in the indictment. No issue has been raised in regard to Judge Gordon’s taking of the verdict, and we therefore adhere to Judge Phelps’s treatment of this conviction as being for felony possession of marijuana.