PER CURIAM.
Having carefully read and considered the record and briefs of counsel, we conclude that the writ is due to be quashed. However, we do not agree with the Court of Criminal Appeals, 516 So.2d 818 that a defendant must make a showing that a desired witness is “willing to testify” before he is entitled to a continuance. It is true that the Fifth Circuit Court of Appeals in United States v. Uptain, 531 F.2d 1281, 1287 (5th Cir.1976), stated that a movant for a continuance must show, inter alia, that the desired witness is “willing to testify.” However, that language is conspicuously absent in a more recent Eleventh Circuit decision, Dickerson v. Alabama, 667 F.2d 1364 (11th Cir.1982), cert. denied, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). The whole purpose of compulsory process is to compel an individual to appear in court and testify. While the witness *822 may invoke his constitutional right not to testify as to those matters that might tend to incriminate him, he has no other right to simply refuse to testify.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.