Joseph William was convicted for the unlawful sale of cocaine, fined $25,000, and sentenced to fifteen years' imprisonment. Two issues are raised on this appeal from that conviction.
 I
Despite some weak links in the chain of custody of the crack-cocaine, the controlled substance was properly admitted into evidence. The prosecution established that the crack was purchased by an undercover agent, Betty Rose Pichon; who transferred it to Geneva County Sheriff Douglas Whittle; who transferred it to Deputy Sheriff Ken Tice; who transferred it to Deputy Sheriff Tony Hobbs; who transported the crack to David Thorne, a forensic laboratory analyst with the State Department of Forensic Science; who delivered the crack to Dr. Joseph Saloom, a forensic chemist, who analyzed the substance.
Although Thorne did not testify, every other link in the chain did, and it was established that the crack was delivered to Thorne and received from him. The law regarding the establishment of a chain of custody has previously been correctly stated in Williams v. State, 505 So.2d 1252, 1253-54
(Ala.Cr.App. 1986), affirmed, Ex parte Williams, 505 So.2d 1254
(Ala. 1987), and Mauldin v. State, 402 So.2d 1106, 1110-11
(Ala.Cr.App. 1981), and need not be restated here. For purposes of this case, the observation of our Supreme Court in Ex parteWilliams, 505 So.2d at 1255, provides a succinct and sufficient answer to the issue here presented:
 "The testimony of the officers supports the admission of the evidence in this case. There is no break in the chain of custody, because the testimony contained in the record accounts for each successive step in the handling of the evidence from the time it was seized until the time of trial. Mauldin v. State, 402 So.2d 1106
(Ala.Crim.App. 1981). The inability of the officers to identify the evidence with more certainty in this case is, at worst, a weak link in the chain of custody. As such, it 'presents a question of the credit and weight to be accorded rather than of the admissibility of the item.' Williams v. State, 375 So.2d 1257, 1267
(Ala.Crim.App.), cert. denied, Ex parte Williams, 375 So.2d 1271 (Ala. 1979)."
See also United States v. Clark, 732 F.2d 1536, 1543 (11th Cir. 1984) ("The use of lock-seal bags by the FBI supported a finding of reasonable probability that the diazepam produced at trial was the substance seized from Nichols. A minor break in the chain of custody, such as failure to produce the evidence custodian who received the lock-seal bags in the mail, goes to weight not admissibility."); Lowery v. State, 452 So.2d 897,898-99 (Ala.Cr.App. 1984) (no error in admission of controlled substance into evidence despite failure to testify of employee in toxicologist's office who was a link in the chain).
 II
The appellant contends that the actions of the trial judge denied him a fair trial. Specifically, he alleges that the judge "expressed great disgust" when the prosecutor announced he had no rebuttal of the defense testimony and "intimidated" the district attorney into requesting a continuance so he could present a rebuttal case the next day. When these events occurred at trial, defense counsel objected to the continuance but did not assign any ground. "The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections." Fuller v. State,365 So.2d 1010, 1012 (Ala.Cr.App. 1978), cert. denied, Ex parte Fuller,365 So.2d 1013 (Ala. 1979). In arguing his motion for new trial, defense counsel stated that "at the close of the Defendant's case, the State attempted to rest and was not allowed to do so, but *Page 518 
was in fact directed to produce rebuttal the following morning and this was done in front of the Jury."
As the appellant recognizes, the record on appeal does not support these allegations of improper conduct by the trial judge Appellant's brief at 42. "Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged."Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978). "Statements made by counsel are not evidence." Sparks v. State,450 So.2d 188, 193 (Ala.Cr.App. 1984). Here, the appellant attempts to cast the burden of "correcting" the record upon this Court by having us review the tape recordings of the trial court reporter. However, corrections to the record should be made before that record is ever submitted to an appellate court. "The appellant has the duty of checking his record before submitting his appeal; it is his burden to file a correct record." Tyus v. State, 347 So.2d 1377, 1380 (Ala.Cr.App.), cert. denied, Ex parte Tyus, 347 So.2d 1384 (Ala. 1977) (citations omitted).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.