Appellant, Rodney O'Neal Laws, was convicted, after a jury trial, of possession of cocaine, in violation of *Page 306 
§ 13A-12-212(a)(1), Code of Alabama 1975, and was sentenced to two years' imprisonment. He appeals, raising three issues. Since we find it necessary to reverse this case, we will address only the issue of whether the state established a sufficient chain of custody for the admission into evidence of the cocaine seized from appellant.
Appellant contends that the trial court erred in admitting into evidence a medicine bottle containing small packages of cocaine, because, he says, the state failed to prove a complete chain of custody. The state's evidence showed that Investigator Terry Lee Spain seized the contraband from appellant on October 7, 1988. On that same date, Spain turned the contraband over to Investigator William Payne, who sealed it in an envelope and, after initialing the envelope, promptly returned it to Spain. The records of the Department of Forensic Sciences show that the contraband was received from Spain by Ed White, an employee of the Department, on October 27, 1988. As to where the bottle and packages of cocaine were during the period from October 7 to October 27, a period of 20 days, and under what circumstances they were kept, the record is silent. Thus, there is an unexplained break in the chain of custody for 20 days.
 " 'To establish a sufficient predicate for admission into evidence it must be shown that there was no break in the chain of custody. . . . Identification and continuity of possession must be sufficiently established to afford ample assurance of the authenticity of the item.' Ex parte Yarber, 375 So.2d 1231, 1234 (Ala. 1979). . . . 'The requirement of proper proof of custody finds its origin in the opportunities for tampering, contamination, and error, which arise when possession of a specimen cannot be accounted for at all times.' A. Moenssens F. Inbau, Scientific Evidence In Criminal Cases, 342 (2d ed. 1978). 'The purpose in establishing a chain of custody is to show a reasonable probability that the [evidence] was not tampered with.' Bell v. State, 339 So.2d 96, 98 (Ala.Cr.App. 1976).
 'To warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain.' Sexton v. State, 346 So.2d 1177, 1180 (Ala. Cr. App), cert. denied, Ex parte Sexton, 346 So.2d 1180 (Ala. 1977)."
Lowery v. State, 452 So.2d 897, 898-99 (Ala.Cr.App. 1984). See also Mauldin v. State, 402 So.2d 1106 (Ala.Cr.App. 1981).
Here, since we do not know the whereabouts of the evidence or the conditions under which it was kept, for a period of 20 days, we cannot conclude to a reasonable probability that the items are substantially the same as they were when initially seized. Thus, the state failed to establish a sufficient predicate for the admission of the evidence, and its admission by the trial court constituted reversible error.
We pretermit discussion of the other issues, since they either have no merit or are unlikely to arise again.
REVERSED AND REMANDED.
All Judges concur.