Danny Ray Holton was indicted for selling cocaine, in violation of § 13A-12-211, Code of Alabama 1975. He was found "guilty as charged in the indictment" and was sentenced to 21 years in prison. He raises four issues on appeal. The pertinent facts will be addressed as they arise below.
 I
The appellant, who is black, contends that the trial court erred in allowing the State to strike six black jurors from the jury venire in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record reveals that the State struck six black jurors from the venire panel and that one black juror sat on the petit jury.
The record indicates that three of the black jurors who were struck had prior criminal convictions. This court has held numerous times that strikes based on prior criminal convictions are not considered to be racially discriminatory in nature as such and are race-neutral. Ward v. State, 539 So.2d 407
(Ala.Crim.App. 1988); Bryant v. State, 516 So.2d 938
(Ala.Crim.App. 1987). *Page 916 
Another black juror was struck because the district attorney's office had prosecuted a member of his family. Thus, this strike was also race-neutral. Johnson v. State,512 So.2d 819 (Ala.Crim.App. 1987) (strike based on State's prior prosecution of juror's relatives was race-neutral). See alsoPowell v. State, 548 So.2d 590 (Ala.Crim.App. 1988) (strike based on fact that juror's uncle had been falsely prosecuted was race-neutral).
Another juror was struck because members of her family had been arrested and she had a bad reputation with law enforcement. Thus, this strike was also based on considerations other than race. Powell; Johnson (bad reputation with law enforcement held to be race-neutral reason).
The last black juror was struck because she was single, unemployed, and had a bad appearance. The appellant was also single and unemployed. Furthermore, the explanation that a strike based on demeanor, looks, and body language, when considered with other relevant circumstances, may be considered a race-neutral explanation. Avery v. State, 545 So.2d 123
(Ala.Crim.App. 1988). In this case, the State also struck the juror because she shared certain characteristics with the appellant. Thus, we find that this strike was also based on race-neutral reasons. See also Pritchett v. State, 548 So.2d 509
(Ala.Crim.App. 1988). The prosecutor stated that he intended to leave another black juror on the panel, but that the appellant struck that juror.
The trial court's findings as to whether the defendant established purposeful racial discrimination are to be accorded great deference on appeal. Ex parte Lynn, 543 So.2d 709 (Ala. 1988), cert. denied, Lynn v. Alabama, 493 U.S. 945,110 S.Ct. 351, 107 L.Ed.2d 338 (1989). See also Strong v. State,538 So.2d 815 (Ala.Crim.App. 1988) (trial judge is in the best position to determine whether prosecution is giving true reason for jury strike). "An appellate court may only reverse the trial court's determination that the prosecution's preemptory challenges were not motivated by intentional discrimination if that determination is clearly erroneous." Ex parte Branch,526 So.2d 609, 625 (Ala. 1987) (citation omitted). We find that the reasons given for the preemptory strikes were based on considerations other than race and that the trial court did not err in so ruling.
 II
The appellant contends that the trial court erred in admitting two exhibits into evidence because the State failed to prove a proper chain of custody. Exhibit # 1 was an evidence envelope which contained Exhibit # 2. Exhibit # 2 was a plastic zip-lock bag which contained crack cocaine.
The record reveals that A.B.C. Agent Yvonne Bedgood purchased cocaine from the appellant on September 16, 1988. She wrapped the substance in foil and put it in a plastic zip-lock bag. She put the bag in an envelope, sealed it, and put her initials on it. She testified that she did not tamper with or change the item in any way while it was in her possession. She brought the envelope to Investigator Governor Jackson at a predesignated meeting place. He received the sealed envelope from Bedgood. He taped the seams and initialed and dated the envelope. He locked it in the evidence locker at the police station until he gave it to Investigator Ray Owens to take to the forensics laboratory. Jackson was the only person who had access to the evidence locker. Joseph Saloom of the Alabama Department of Forensic Sciences testified that Ray Owens brought the evidence to him at the lab. The envelope was sealed. When he opened the envelope, he found a plastic zip-lock bag which contained a substance wrapped in foil. The substance was crack cocaine.
The appellant contends that the failure of Ray Owens to testify as to his part in the chain of custody constitutes reversible error. We disagree. "The State need only prove to a reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain." McCray v. State, 548 So.2d 573, 576
(Ala.Crim.App. 1988). See also Sommer v. *Page 917 State, 489 So.2d 643 (Ala.Crim.App. 1986). A weak link in the chain of custody presents a question of credibility and weight for the jury rather than a question of admissibility. McCray;Sommer. Although Owens did not testify, every other link in the chain did, and it was established that the crack cocaine was delivered to Owens and received from him. Thus, there was no error in admitting the exhibits. See e.g., Williams v. State,548 So.2d 516 (Ala.Crim.App. 1988), aff'd, 548 So.2d 518
(Ala. 1989); Williams v. State, 535 So.2d 193
(Ala.Crim.App. 1986), cert. denied, 535 So.2d 197 (Ala. 1987). The absence of Owens's testimony presented a question of weight and credibility and not admissibility.
 III
The appellant next contends that the evidence is not sufficient to sustain the verdict. He apparently argues that the State did not present sufficient evidence of identity because Agent Bedgood testified that the man from who she purchased the cocaine had a scar over his right eye and the appellant contends he never had a scar. The record reveals that the appellant did not present any evidence during the trial. Thus, he did not present any evidence concerning the presence or absence of a scar. We note that the evidence relied upon by the appellant in his brief was given during his hearing on a motion for new trial.[1]
The record reveals that Agent Bedgood clearly identified the appellant as the person who sold her the cocaine. It is part of the jury's fact-finding function to decide the issue of identity. Agee v. State, 429 So.2d 654 (Ala.Crim.App. 1982).See also Clency v. State, 475 So.2d 642 (Ala.Crim.App. 1985). Even if there had been any hesitancy on the part of Bedgood in identifying the appellant, this would have gone to the weight, rather than the sufficiency of the evidence. Richardson v.State, 374 So.2d 433 (Ala.Crim.App. 1979); Gholston v. State,338 So.2d 454 (Ala.Crim.App. 1976). The State presented ample evidence to sustain the conviction.
 IV
The appellant argues that the trial court erred in denying a motion to continue his hearing on his motion for new trial until his key witness could be brought to testify. The appellant's witness was also named Danny Ray Holton. The appellant apparently contends that this was the person who committed the offense for which he was convicted. The trial judge issued a writ of attachment for that witness at the hearing. The sheriff could not find the witness. The witness had allegedly moved, and the people at the address where the subpoena was brought did not know his new address.
A motion for continuance is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed unless clearly abused. Pritchett v. State, 445 So.2d 984
(Ala.Crim.App. 1984); Weaver v. State, 401 So.2d 344
(Ala.Crim.App. 1981); Bailey v. State, 398 So.2d 406 (Ala.Crim.App. 1981). This rule also applies to cases in which the continuance is based on an absent witness. Pritchett; Weaver; Bailey.
A party requesting a continuance on the basis of an absent witness must show that he has exercised due diligence to obtain the presence of the witness, the witness would provide substantial, favorable testimony, the witness is available and willing to testify and a denial of the continuance would materially prejudice the defendant. Anderson v. State,542 So.2d 292 (Ala.Crim.App. 1988), writ quashed, 542 So.2d 307
(Ala.), cert. denied, Anderson v. Alabama, 493 U.S. 836,110 S.Ct. 116, 107 L.Ed.2d 77 (1989); Goodwin v. State,516 So.2d 818 (Ala.Crim.App. 1986), writ quashed, 516 So.2d 821 (Ala. 1987). The appellant failed to make such a showing. Thus, the trial court did not abuse its discretion in denying the appellant's motion. *Page 918 
For the reasons set out above, this case is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.
[1] Such evidence could certainly not be considered newly discovered evidence upon which to grant a new trial.