BOWEN, Judge.
William T. Coleman was convicted of trafficking in cocaine, was fined $50,000, and was sentenced to life imprisonment as a habitual felony offender. That conviction must be reversed because the prosecutor failed to establish a proper chain of custody of the cocaine.
The failure of the prosecution to establish a complete chain of custody for cocaine is patently conspicuous. The testimony presented, viewed in the light most favorable to the State, shows that on November 15, 1989, members of the West Alabama Narcotics Unit were pursuing a vehicle driven by Tommy Prewitt and in which the appellant was riding as a passenger. We do not decide the legality of that stop in this opinion.
The appellant threw from the vehicle a white package that was recovered by Tuscaloosa County deputy sheriff Martha Lindsey. She testified that she kept the package under her custody and control until it was sent to the lab.
Melinda Long, a solid dosage drug analyst for the Alabama Department of Forensic Sciences, testified that on November 30, 1989, she received a package from Ken Miksis with the West Alabama Narcotics Unit. Deputy Lindsey did not testify that she gave the package to Miksis, and never indicated when the package was sent to the forensics laboratory. In summary, all the record shows is that on November 15,1989, Deputy Lindsey retrieved a package allegedly containing cocaine, and that a package was received from Officer Miksis by Ms. Long at the State laboratory on November 30, 1989. Miksis, who allegedly delivered the package from Deputy Lindsey to Ms. Long, did not testify.
Although the trial judge recognized that the appellant had raised a “good point,” he denied the appellant’s objection to the introduction of the cocaine. In that ruling he committed reversible error. Here, there is a complete and total break in the chain of custody because there is no testimony of how Miksis obtained custody of the package. Compare William v. State, 548 So.2d 516, 517 (Ala.Cr.App.1988), affirmed, 548 So.2d 518 (Ala.1989), where it was established that the cocaine was delivered to a link in the chain of cústody, who did not testify, and that the cocaine was received from that link. Here, each successive step in the handling of the evidence from the time it was seized until the time of trial was not accounted for. Ex parte Williams, 505 So.2d 1254, 1255 (Ala.1987). See also Laws v. State, 562 So.2d 305, 306 (Ala.Cr.App.1990); Suttle v. State, 565 So.2d 1197, 1198-1120 (Ala.Cr.App.1990).
The significance of the break in the chain of custody in this case is magnified because of the quantity of cocaine involved. The appellant was charged with a violation of Ala.Code 1975, § 13A-12-231(2)(a), by having in his possession “cocaine, or a mixture containing cocaine, in excess of 28 grams, but less than 500 grams.” Ms. Long testified that the material she received weighed 28.1 grams. The error in this case cannot be said to be trivial.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.