Frankie Lee Head was indicted for the offense of possession of a forged instrument in the second degree, in violation of § 13A-9-6, Code of Alabama 1975. The jury found Head guilty as charged in the indictment, and he was sentenced to 15 months' imprisonment. Three issues are raised on appeal.
 I
Head contends that the trial court erred by allowing the State to strike four of the five black veniremembers over his objection based on Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In the instant case, the trial court found that Head had established a prima facie case of racial discrimination when the State struck four out of five black veniremembers, and the court required the State to give its reasons for the strikes. The State then responded by giving the following reasons:
 "MR. SHORT: Juror Number Three. He said he was personally acquainted *Page 1203 
with Frankie Head, the Defendant in this case. He also said he knew a Mr. Nelson and I believe he may be called as a character witness in this case, if I am not mistaken. And in addition, we have information that he has outstanding warrants on him in Opp. . . .
"THE COURT: The State has that information?
 "MR. SHORT: Our information is as of 1-20-92, alias warrants, City of Opp, for failure to appear in court. This is my information, yes, sir.
 "THE COURT: All right. I hold that that is a race-neutral reason.
 "MR. SHORT: The next one, Juror 21, he as well, testified that he knew Frankie Head personally and knew Mr. Nelson, the same witness that I mentioned I expect to be called possibly as a character witness for the Defendant and that he is some relation to the Feagin that was prosecuted — was set to be prosecuted and pled guilty this week in Court, to rape that was being prosecuted by this office.
". . . .
 "THE COURT: Okay. Well, I recall him answering out as being personally acquainted with the Defendant and for that reason and the others you have assigned, I believe that is a race-neutral reason for striking the juror.
". . . .
 "MR. SHORT: Number Forty-six, Judge. . . . The State's reason for striking that juror is that she is a relative of a felon, . . ., who was prosecuted by this office and is a convicted felon. That is our reason for striking her. She has a relative who was prosecuted by this office.
"THE COURT: Okay.
 "MR. LAIRD [Defense counsel]: I don't believe that would be a race-neutral reason for striking her and I don't have any knowledge of her being a relative of anyone prosecuted by this office.
 "THE COURT: All right. I believe that is a race-neutral reason also. We are down to Number Sixty.
 "MR. SHORT: Number Sixty. . . . Her son . . . was prosecuted by this office for rape. He was acquitted, but nonetheless, he was prosecuted by Mrs. Loggins's office for rape sometime in the past.
 "THE COURT: All right. I find that that is race-neutral. That's the entire list now?
"MR. SHORT: Yes, sir.
"THE COURT: I overrule your Batson objection."
Avery v. State, 545 So.2d 123, 126 (Ala.Cr.App. 1988), held that strikes based upon the juror's knowledge of the defendant are not racially discriminatory as such; this reason is deemed to be raceneutral. Hence, the prosecutor's reasons for striking juror no. 3 and juror no. 21 were race neutral under Avery.
We likewise hold that the prosecutor's reasons for striking juror no. 46 and juror no. 60 because they had relatives who had been prosecuted by the district attorney's office were based on considerations other than race. See Ward v. State,539 So.2d 407 (Ala.Cr.App. 1988).
Hence, the trial court's finding that the prosecution's explanations were race neutral was not clearly erroneous and will not be overturned on appeal.
 II
Head contends that the trial court erred in denying his motion in limine, which sought to preclude the State from using Head's past convictions for impeachment purposes.
This issue has been rendered moot because Head "opened the door" to this line of inquiry by testifying on direct examination that he had pleaded guilty in the past to writing bad checks on his own personal bank account.
Since Head brought out the prior convictions on direct examination and tried to explain them, the State had a right to question Head on the prior convictions for purposes of impeachment. A party who brings out evidence on a certain subject has no valid complaint as to the trial court's *Page 1204 
action in allowing his opponents to introduce evidence on the same subject. Hubbard v. State, 471 So.2d 497 (Ala.Cr.App. 1984).
Head, moreover, did not object to the prosecutor's cross-examination of him regarding these prior convictions at trial, and thus no alleged error is preserved for appeal.
 III
Head contends that the trial court erred in excluding the testimony of Head's character witness, Lewis Nelson.
During cross-examination of Mr. Nelson, the witness testified that although he was Head's uncle and had known him all of his life, he had never heard any rumors or statements in the community concerning Head's convictions for issuing worthless checks. The character witness further testified that he had not heard Head's reputation discussed in the community. Because the testimony of this witness was based upon his personal opinion rather than upon the opinion of the community, the trial court properly excluded Mr. Nelson's testimony and instructed the jury to disregard his testimony.
In C. Gamble, McElroy's Alabama Evidence § 26.02(11), (12) (4th ed. 1991), the rule governing the admissibility of a witness' character testimony is stated as follows: "It should be kept in mind that a witness' character testimony will be excluded if knowledge of the subject person's general reputation is based upon personal knowledge of the person's character rather than upon what the community thinks of the person."
Although a defendant may prove good reputation from a lack of derogatory reports, the witness still has to base his reputation testimony upon the reputation the defendant has in the community. Id. In this case, the witness had never heard Head's reputation discussed in the community and, thus, he could not testify as to whether there was any derogatory community opinion about Head. Because this witness offered only his personal opinion about Head's reputation in the community, the trial court properly excluded the testimony.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.