833 So.2d 662 (2001)
Darrell SPRATT
v.
STATE.
CR-99-1957.
Court of Criminal Appeals of Alabama.
May 25, 2001.
Opinion on Return to Remand October 26, 2001.
Rehearing Denied January 25, 2002.
Certiorari Denied April 19, 2002.
*663 J. Tony Glenn, Hamilton, for appellant.
Bill Pryor, atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
Alabama Supreme Court 1010876.
McMILLAN, Presiding Judge.
The appellant, Darrell Spratt, was found guilty of robbery in the third degree, and the trial court sentenced him as a habitual offender to life imprisonment.
The State's evidence at trial tended to show the following. On the night of August 2, 1999, a man entered the Weston Quick Stop convenience store and asked *664 the assistant manager, Ruth Ables, for change. As she was handing it to him, the man struck her in the mouth with his fist. He then began to remove money from the open cash register. James Ables, the victim's husband, was seated at a table in the store when the man entered. While the man was leaned over removing the money, James Ables came up behind him, struck him with a chair, and chased him outside. James Ables stated that he saw the robber drive away in a red automobile with a Mississippi license tag, number "JPT681." James and Ruth Ables both positively identified the appellant in court as the man who had robbed the Weston Quick Stop. Robert Harper, a Mississippi police officer, identified the appellant in court as the person to whom he issued two traffic citations on July 27, 1999, in Tupelo, Mississippi. Harper stated that the appellant was driving a red Nissan automobile with Lee County, Mississippi, license tag "JTZ681." The appellant testified in his own behalf that he was "out of town" when the Weston Quick Stop was robbed and that he did not commit the offense.

I.
The appellant contends that the State violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by striking the only black member from the venire. He argues that the prosecutor's reason for striking the member was not race neutral, because he failed to ask the veniremember about any prejudice she might harbor as a result of her son's prior dealings with law-enforcement officials.
The prosecutor's reason for striking a juror must be a "clear, specific, and legitimate" reason, which "relates to the particular case to be tried." Ex parte Branch, 526 So.2d 609, 623 (Ala.1987). Here, the prosecutor stated that he struck the veniremember because her son had been tried on two occasions by the same judge and prosecutor who were trying the present case. He further stated that the son's probation in another county had been revoked and the son had been sentenced to 13 years in the penitentiary as a result of the prosecution.
The appellant did not show that the prosecutor's reason was insufficient or pretextual. Peremptory strikes of jurors because they have relatives who have been prosecuted by the district attorney's office are not racially discriminatory. Head v. State, 610 So.2d 1202 (Ala.Crim.App.1992). The district attorney's prosecution of a member of a veniremember's family is a race-neutral reason for a peremptory strike. Holton v. State, 590 So.2d 914 (Ala.Crim.App.1990). Therefore, the trial court properly denied the appellant's Batson motion.

II.
The appellant's second contention is that he was denied due process. Specifically, he argues that the trial court refused to grant him a preliminary hearing before he was indicted, that the court failed to appoint counsel to represent him until one week before trial, and that nothing in the record indicates that he was granted an initial appearance within 72 hours after his arrest.
Rule 5.1(a), Ala.R.Crim.P., provides that, within 30 days of arrest, a defendant may demand a preliminary hearing and provides further that, if a hearing is demanded, it must be held within 21 days. The appellant was arrested on August 10, 1999. He stated in a March 13, 2000, pro se motion that he requested a preliminary hearing on August 16, 1999. However, no such demand appears in the record on appeal. It is the duty of the appellant to provide a correct record to the *665 appellate court. Jordan v. State, 607 So.2d 333 (Ala.Crim.App.1992). This court will not presume error from a silent record. Ex parte Robinson, 444 So.2d 884 (Ala.1983).
Moreover, even if the demand had been included in the record, the appellant failed to state a claim of reversible error. The appellant was indicted on September 14, 1999. In Duncan v. State, 369 So.2d 885, 887 (Ala.Crim.App.1979), this court stated the following with regard to the denial of a preliminary hearing:
"The appellant's remedy in a preliminary hearing would have been dismissal of the charge if there is a lack of probable cause. The returning of an indictment is a finding that probable cause does exist. There is still no constitutional requirement in Alabama that there be two inquiries into probable cause. Constitutionally, a preliminary hearing is not necessary to satisfy the requirements of due process, and the fact that there was no preliminary hearing in cases prior to the enactment of the statute in question [§ 15-11-1] has had no bearing on the validity of an indictment or subsequent proceedings.
"While the appellant's statutory right to a preliminary hearing may have been infringed in the instant case, we hold that no reversible error results when an indictment has been returned against the accused. It would be folly on the part of this court to reverse a case in order to require a repetitious inquiry into probable cause where such had already been determined by the grand jury. For this reason, we hold that any error committed by the trial court in not granting the appellant a preliminary hearing was harmless."
(Citations omitted.)
With regard to the appellant's claim that counsel was not timely appointed, the record is insufficient to review that claim. This issue will be considered after the trial court has developed the record as specified in Part III of this opinion and after that court has returned that record to this court for review.
The appellant's third claim, that he was not granted an initial appearance within 72 hours, cannot be considered on appeal. Nothing in the record indicates that this issue was presented at the trial court level. "This court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court." Eastland v. State, 677 So.2d 1275, 1276 (Ala.Crim.App.1996).

III.
The appellant contends that the trial court erred by allowing him to be tried "without first arraigning him" and by failing to appoint counsel to represent him "until one week prior to trial." He argues that, although the arraignment docket listed his name, "nothing indicated that he was arraigned with counsel."
The State asks this court to remand the case to the trial court, noting that the record on appeal is not clear with regard to either of the appellant's claims. The clerk's record includes two documents entitled "Case Action Summary," which contain no relevant information. The trial court has provided this court with a third document entitled "Case Action Summary," which also is insufficient to resolve the appellant's claims.
With regard to the issue of arraignment, the appellant testified at trial that "October 29th I was given arrangement [sic]." He also filed, pro se, a document entitled "Rule 14.2[,] Proceeding At Arraignment; Pleas," in which he stated that the trial court "fail[ed] to follow the above proceeding [sic] on [ ] October 29, 1999." Nothing *666 further regarding arraignment is included in the record on appeal.
With regard to the appointment of counsel, the appellant stated in a pro se filing dated November 18 that he had not had counsel since his incarceration. However, he testified at trial that, when he was leaving the courtroom on October 29, 1999, he told a deputy, "I don't know who the attorney is that the judge appointed [to] represent me." He further testified that the deputy called the prosecutor to the door and the prosecutor told him that his attorney would come and talk to him at the jail. The only relevant document in the record is a notice of appearance filed on March 29 by the appellant's trial counsel, who is also representing the appellant on appeal. That notice is dated March 28, one week before the appellant's trial on April 4, 2000.
Due to the aforementioned deficiencies, we must remand this cause for the trial court to develop a record that is sufficient for appellate review. On remand, the trial court is authorized to conduct an evidentiary hearing or such other proceeding as is necessary to develop a record sufficient for this court's review on appeal. The court should establish a record of the proceedings of October 29, 1999, the apparent date of the appellant's arraignment, including whether the appellant was present and whether he was represented by counsel. The court should document when counsel was appointed and when both the counsel and the appellant were notified of this appointment. The court also should document any changes in counsel and the dates of appointment and notification associated with such changes. Due return should be filed with this court within 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand
McMILLAN, Presiding Judge.
This cause was remanded for the circuit court to more fully develop the record with regard to the claims made by the appellant, Darrell Spratt. The court has now filed its return, stating that, on remand, the court was unable to locate any evidence from which to reconstruct the record.
The appellant contended that he was arrested on August 10, 1999, but that counsel was not appointed to represent him until March 28, 2000. He also contended that he was not arraigned and that he was not represented by counsel when he was arraigned on October 29, 1999.
A "record proper" in a criminal case consists of the caption of the case, stating the time and place of holding the court; the indictment, or information, with endorsement; arraignment; plea of defendant; empaneling of jury, if any; the verdict; and the judgment. Haun v. State, 44 Ala.App. 585, 217 So.2d 249 (1968). In Ingram v. State, 779 So.2d 1225, 1280-81 (Ala.Cr.App.1999), this court explained the rules to be applied when the record is incomplete:
"Where the transcript or record is incomplete, two rules have evolved. The first applies to the situation where the appellant is represented on appeal by the same counsel that represented him at trial. In that case, the failure to supply a complete record is not error per se and will not work a reversal absent a specific showing of prejudice. In other words, in such a case, the appellant must show that failure to record and preserve the specific portion of the trial proceedings complained of visits a hardship upon him and prejudices his appeal. The second applies to the situation where the appellant is represented by new counsel on appeal. When he is *667 represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of prejudice or error, is sufficient to warrant reversal."
Here, the appellant was represented by the same counsel at trial and on appeal. The court's failure to supply a complete record therefore was not error per se. Ingram v. State, supra. The appellant's claim that he was not arraigned was not supported by an affidavit or by any other evidence, and it was contradicted by his trial testimony that he was arraigned on October 29.
The appellant's claim that counsel was not timely appointed was contained in a pro se filing in which he stated that he had not had counsel since his incarceration. However, his trial testimony appeared to indicate that counsel had been appointed, but the appellant did not know the attorney's name. The appellant offered no affidavit or other evidence indicating whether counsel was not appointed by the court or whether a properly appointed counsel had failed to appear.
Rule 45, Ala.R.App.P., states that a judgment may not be reversed for error as to any matter of pleading or procedure unless the error has probably injuriously affected a party's substantial rights. Here, the appellant failed to meet his burden of proving either that an error had occurred or that, because of the error, he had suffered substantial hardship and prejudice. The judgment of the trial court, therefore, is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.