In April 2002, pursuant to a negotiated plea agreement, Hugh David Owen II enrolled in a deferred prosecution program ("drug court"). In return, the State agreed to defer his prosecution for possession of a controlled substance (crystal methamphetamine). However, in August 2002, Owen failed to comply with the requirements of that program. Owen was subsequently adjudicated guilty by the trial court and, on January 8, 2003, was sentenced to three years in prison. The trial court also fined him $1,000 pursuant to the Drug Demand Reduction Assessment Act and $100 to be deposited in the Alabama Forensic Sciences Trust Fund. See §§ 13A-12-281
and 36-18-7(a), Ala. Code 1975.
On appeal, Owen, through newly appointed counsel, argues that his conviction should be "set aside due to the trial court's failure to submit a complete record on appeal." (Owen's brief, p. 4.) Specifically, he complains that the audiotape of the sentencing proceedings is inaudible and that it therefore cannot be transcribed. The trial court entered the following order:
 "Pursuant to the Order of the Court of Criminal Appeals dated March 12 2003,[1] this Court certifies that a sentencing hearing was conducted on January 8, 2003, at which the defendant was present together with his then appointed counsel . . . and an Assistant District Attorney representing the State of Alabama, and said proceeding was tape-recorded, but the quality of such tape renders it incapable of being transcribed. Therefore, there is not an adequate record of said January 8th hearing. Previously appointed counsel, Willis Clay, has now withdrawn from representing the Appellant. There does not appear to the trial court to be any evidence that the Appellant executed a valid and enforceable waiver of his right to appeal. . . ."
(C. 30.)
 "In Ingram v. State, 779 So.2d 1225, 1280-81
(Ala.Crim.App. 1999), this court explained the rules to be applied when the record is incomplete:
 "`Where the transcript or record is incomplete, two rules have evolved. The first applies to the situation where the appellant is represented on appeal by the same counsel that represented him at trial. In that case, the failure to supply a complete record is not error per se and will not work a reversal absent a specific showing of prejudice. In other words, in such a case, the appellant must show that failure to record and preserve the specific portion of the trial proceedings complained of visits a hardship upon him and prejudices his appeal. The second applies to the situation where the appellant is represented by new counsel on appeal. When he is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of prejudice or error, is sufficient to warrant reversal.'"
Spratt v. State, 833 So.2d 662, 666 (Ala.Crim.App. 2002). *Page 1163 
Owen takes issue with only the sentencing portion of the proceedings. Additionally, the transcript of the plea colloquy is contained in the record before us. In this case, rather than reversing the entire judgment, including the sentence, we affirm the coviction and reverse only the sentence.
Therefore, we reverse the sentence in this case and remand this cause for the trial court to conduct a new sentencing hearing, which is to be recorded. After such proceedings, Owen is to be allowed 42 days from the date of sentencing to appeal his sentence with a full record submitted on appeal.
AFFIRMED AS TO CONVICTION; REVERSED AS TO SENTENCE; AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] On March 12, 2003, this Court issued an order directing the circuit court to determine whether Owen had waived his right to appeal and to respond within 14 days.
 *Page 519