It is apparent to me from reviewing the record that the appellant did not waive his right to a probation-revocation hearing but that such a hearing was, in fact, held on August 20, 2004.
Rule 27.5(b), Ala.R.Crim.P., allows the probationer to waive a revocation hearing within carefully defined limits. If the probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon, and if the probationer admits, under the requirements *Page 1151 
of Rule 27.6(c), that he committed the alleged violation or violations, then the trial court may summarily dispose of the matter at the initial appearance. The Committee Comments to Rule 27.6 note that "[w]hile Gagnon [v. Scarpelli, 411 U.S. 778
(1973),] is silent on whether the second hearing may be waived,Armstrong [v. State, 294 Ala. 100, 312 So.2d 620 (1975),] says that two hearings are not necessary if at the first hearing the probationer has received such sufficient notice of the charges against him and of the evidence of probation violation that the probationer can make an adequate defense."
The case action summary in the present case indicates that Whitlock initially appeared before the trial court on July 30, 2004, that at that time he was taken into custody to be held without bond and counsel was appointed to represent him, and that a revocation hearing was set for August 20, 2004. The case action summary also indicates that on August 20, 2004, the revocation hearing was held, at which time Whitlock, assisted by counsel, admitted that he had violated the terms of his probation. Therefore, I do not believe remanding this case is appropriate.
 "Where the transcript or record is incomplete, two rules have evolved. The first applies to the situation where the appellant is represented on appeal by the same counsel that represented him at trial. In that case, the failure to supply a complete record is not error per se and will not work a reversal absent a specific showing of prejudice. In other words, in such a case, the appellant must show that failure to record and preserve the specific portion of the trial proceedings complained of visits a hardship upon him and prejudices his appeal. The second applies to the situation where the appellant is represented by new counsel on appeal. When he is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to warrant reversal. Ex parte Godbolt, [546 So.2d 991 (Ala. 1987),] adopting the rule established in United States v. Selva, 559 F.2d 1303 (5th Cir. 1977). `We do not advocate a mechanistic approach to situations involving the absence of a complete transcript of the trial proceedings. We must, however, be able to conclude affirmatively that no substantial rights of the appellant have been adversely affected by the omissions from the transcript.' Ex parte Godbolt, 546 So.2d at 997, quoting with approval, United States v. Selva, 559 F.2d at 1305-06."
Ingram v. State, 779 So.2d 1225, 1280-81 (Ala.Crim.App. 1999), aff'd, 779 So.2d 1283 (Ala. 2000) (emphasis added). See alsoOwen v. State, 867 So.2d 1161 (Ala.Crim.App. 2003).
The appellant is represented by different counsel on appeal than he was during the revocation proceedings and a substantial and significant portion of the record — a transcript of the revocation hearing — is missing and cannot be reproduced.[2] I would reverse the revocation of the appellant's probation. Therefore, I respectfully dissent.
COBB, J., concurs.
[2] In response to this Court's request for the record to be supplemented with a transcript of the revocation hearing, the trial court stated, in a notation on the case action summary, "Defendant confessed revocation. No record was taken, so there will not be a transcript in this case. No exhibits were presented." (C.Supp. 6.) *Page 1152